## MATTOCK, RESPONDENT, v. GOUGHNOUR, APPELLANT.

[Argued February 14, 1893.   Decided September 5, 1893.]

APPEAL—*New trial.*—When an appeal is taken from the entire judgment and order of the trial court refusing a new trial, a reversal of the judgment and order requires a new trial of all the issues as if the case had never been tried.

APPEAL—*New trial—Conflicting evidence.*—The ruling of the trial court upon a motion for a new trial will not be disturbed on appeal where the evidence is conflicting and no abuse of judicial discretion appears upon a consideration of the whole record.

*Appeal from Sixth Judicial District, Park County.*

Action for debt.  The cause was tried before HENRY, J. Plaintiff had judgment below.  Affirmed.

PEMBERTON, C. J.—This is a suit for debt.  There are two counts in the complaint, the first alleging an indebtedness for labor done and performed.  The second is based on a due bill. This is the second appeal of the case.  (See *Mattock* v. *Goughnour*, 11 Mont. 265.)  The former appeal was taken from the entire judgment, as well as the order denying a new trial. This court reversed the judgment, set aside the order appealed from, and remanded the cause for new trial.  At the second trial of the case in the court below the appellant sought and requested the court to confine the issues to be tried to the first count in the complaint, claiming that the judgment of this court on the former appeal was limited to the insufficiency of the evidence to sustain the verdict of the jury on said first count and consequently left nothing to be tried but the issues under this count.  The appellant, at the close of the testimony, requested the court to instruct the jury in this respect, as follows:  " You are instructed that the only issue in controversy in this action is as to the employment of the plaintiff by the defendant subsequent to the twenty-fifth day of October, 1888, and you will exclude from your consideration all evidence of the execution of the due bill and the payment made thereon." The court refused the request of the appellant, and this action is assigned as error on this appeal.

The former appeal of this cause was from the entire judgment and order of the trial court refusing a new trial.  This

court reversed the entire judgment, and set aside the order denying a new trial, and remanded the cause for a new trial. This placed the case in the court below, at the time of the second trial, in the same condition as if it had never been tried at all. The former appeal was not taken from a part of the judgment rendered at the first trial, as might have been done. (Code Civ. Proc., sec. 444, p. 180; *Bank of Commerce* v. *Fuqua*, 11 Mont. 285; 28 Am. St. Rep. 461.) Everything done in the first trial by the court below was reversed, set aside, and the whole case remanded for a new trial by this court on the former appeal. We think the court committed no error in refusing the request of appellant complained of here. We cannot see how the trial court could have done otherwise than try the whole case anew.

The appellant insists that the evidence is insufficient to sustain the verdict, and claims the evidence is substantially the same as on the former trial, and claims that as this court held the evidence insufficient to support the verdict in the former trial, it must do so in this appeal. The respondent claims that the evidence is not the same in this as in the former trial; that other evidence and circumstances are disclosed in this record, not in the former, sufficient to authorize and support the verdict, and the record sustains this position. There is, it must be confessed, a palpable conflict in the evidence in this case. The jury, we think, would have been justified in finding for either party. We cannot say that the evidence is so satisfactory as to make it clear to our minds that the verdict should not have been the other way. But it is the province of the jury, under the law, to pass upon the credibility of the witnesses, and the weight to be given to their testimony and to determine conflicts therein. The court below heard the witnesses testify on the stand, observed their manner, considered whatever interest they may have had in the result of the suit, and doubtless duly considered these matters in passing upon the motion for a new trial. In such matters a very large discretionary power is given to the trial court, and rightly so. We cannot interfere with the exercise of this power, unless convinced from a consideration of the whole record that there has been shown abuse of such discretionary power. From such consideration of the

record, we are not satisfied that there has been such an abuse of discretion as to make it incumbent upon us to interrupt the judgment and rulings of the court below, especially as this is the second trial of this cause. The judgment of the court below is affirmed.

*Affirmed.*

HARWOOD, J., concurs.

DE WITT, J.—I concur in the affirmance. My views were fully expressed on the former appeal. (*Mattock* v. *Goughnour*, 11 Mont. 265.)