THE HON. WILLIAM T. PIGOTT, 
THE HON. GEORGE R. MILBURN, } Associate Justices.

HARRINGTON, APPELLANT, v. BUTTE & BOSTON MINING COMPANY, RESPONDENT.

(No. 1,301.)

(Submitted January 28, 1902. Decided June 9, 1902.)

*Appeal—New Trial—Opinion of Trial Court—Bill of Exceptions—Absence of Opinion—Action on Bank Check—Burden of Proof—Bona Fide Holder.*

1. Where, on appeal from an order granting a new trial, the opinion of the trial judge, while found in the transcript, is not embraced in any bill of exceptions, it is no part of the record, and cannot be considered.

VOL. XXVII—1

2.   In an action on a bank check, where the answer claims it was obtained from the payee by fraud, of which plaintiff had notice, the burden is on defendant to show the fraud, and then on plaintiff to show himself a *bona fide* holder.

3.   When negotiable paper is shown to have been obtained from the maker or owner by fraud, a subsequent transferee must, before he is entitled to recover, show that he is a *bona fide* purchaser.

4.   Where, in an action on negotiable paper, it is shown to have been obtained from the maker or owner by fraud, the question whether the plaintiff has shown himself a *bona fide* holder for value is for the jury.

5.   An order for a new trial being general in terms, it must be assumed on appeal that the trial court was of opinion that the evidence was insufficient in the sense that it preponderated against the conclusion of the jury.

6.   On a motion for a new trial the verdict should be set aside if the trial judge be satisfied it is not warranted by the evidence.

*Appeal from District Court, Silver Bow County; Theo. Brantly, Judge.*

ACTION by Phil. J. Harrington against the Butte & Boston Mining Company, impleaded with John A. Leggat. There was judgment for plaintiff, and from an order granting a new trial planitiff appeals. Affirmed.

*Mr. J. E. Healy,* for Appellant.

In the statement on motion for new trial when the insufficiency of the evidence to sustain the verdict is relied upon, then the particulars in which the evidence was insufficient to justify the verdict must be set forth; generalizations and conclusions will not bring up the matter for review, either in the trial or supreme court. The statute requires that unless the particulars shall be set forth the statement must be disregarded. We think that the alleged specifications should have been disregarded, and if they were not, then we ask this court to correct the error in granting a new trial which was committed by the trial court. (See Section 1173, Code of Civil Procedure; *Mason* v. *Germaine,* 1 Mont. 263; *Thorp* v. *Freed, Ibid.* 651; *Stafford* v. *Hornbuckle,* 3 Mont. 485; *Bass* v. *Baker,* 6 Mont. 442; *Raymond* v. *Thexton,* 7 Mont. 299; *Carron* v. *Wood,* 10 Mont. 500; *Gallatin Coal Co.* v. *Lay,* 10 Mont. 528; *McLeod* v. *Dickerson,* 11 Mont. 438; *Partridge* v. *San Francisco,* 27 Cal. 415; *Hidden* v. *Jordan,* 28 *Id.* 312; *Leroy* v. *Rodgers,* 30 *Ibid.* 233;

*Zenith Co.* v. *Irvine,* 32 *Ibid.* 303; *Love, etc.* v. *S. N. L. W.,* 32 *Ibid.* 350; *Coleman* v. *Gilmore,* 49 *Ibid.* 340; *Kelley* v. *Mack,* 49 *Ibid.* 524; *Sharp* v. *Goodwin,* 51 *Ibid.* 219; *Crane* v. *Gladding,* 59 *Ibid.* 303; *Benjamin* v. *Stewart,* 61 *Ibid.* 605; *Hill* v. *Beatty,* 61 *Ibid.* 292; *Bate* v. *Miller,* 63 *Ibid.* 233; *Patent Brick Co.* v. *Moore,* 75 *Ibid.* 205; *Lowrey* v. *Salz,* 75 *Ibid.* 349; *Alpers* v. *Shammel,* 75 *Ibid.* 590; *Hershey* v. *Kness,* 75 *Ibid* 115; *Donahoe* v. *Mariposa, etc.,* 66 *Ibid.* 317; *Parker* v. *Reay,* 76 *Ibid.* 103; *Menk* v. *Home Investment Co.,* 76 *Ibid.* 50; *Paris* v. *Raynor,* 76 *Ibid.* 647; *Millan* v. *Hood,* 30 Pac. 1107; *Sterling* v. *Parsons* (Utah), 33 Pac 245; *Love* v. *Anchor Raisin Co.* (Cal.), 45 Pac. 1044; *Zickler* v. *Deegan,* 16 Mont. 198; *Bardwell* v. *Anderson,* 18 Mont. 528; *First National Bank* v. *Roberts,* 9 Mont. 326; *Strassberger* v. *Beecher,* 20 Mont. 143.)

From an examination of the cases before cited, and particularly the cases of *Bank* v. *Roberts* and *Strassberger* v. *Beecher, supra,* we deduce this rule: "If there be conflicting evidence upon a point, the particular evidence which is relied upon to overturn the verdict must be particularized; but if the whole evidence taken together, as was the case in *Strassberger* v. *Beecher,* fails to present sufficient facts to justify a legal conclusion sustaining the verdict, then general conclusions will be considered as sufficient. It is sufficient to say 'there is no evidence' when there is no evidence in fact. But this is not sufficient when there is conflicting evidence."

In case the motion for a nonsuit was well taken and the defendant proceeded and put in testimony, the error, if any, was waived. (Estee's Pleadings, 4783, note.) But even if not waived, we think that the specific grounds of nonsuit were waived by setting forth only the proposition that the plaintiff failed to make out a case. A general statement without stating the grounds is not sufficient. (Estees' Pleadings (Fourth Edition), 4781; Hayne on New Trial and Appeal, Sec. 149 and cases cited.) If a matter be not specified as error it is waived. (*Ibid.*) It is the settled law that fraud will not be presumed and will not be imputed unless a very strong case is made out.

In this case the answer alleged fraud. Under such circumstances it was incumbent upon the plaintiff to prove his good faith. This we submit he did. (Kerr, Fraud and Mistake, 383; Civil Code, Sec. 2119.)

We take it to be the law, settled beyond cavil or doubt, that mere suspicious circumstances will not avoid the payment of a bill or note; nothing will satisfy the requirements of the law save knowledge. (*Goodman* v. *Simonds,* 15 Law Ed. 941.)

The right of a *bona fide* holder to recover can be defeated only by proof of such circumstances as show he took the paper with knowledge of some infirmity in it, or with such suspicion with regard to its validity that his conduct in taking it was fraudulent. (*Nat. Bank of Republic* v. *Young* (N. J.), 5 Cent. 113.) Mere notice of facts such as would put a prudent man on his inquiry, which inquiry, if pursued, would have disclosed the infirmity of the paper, is not sufficient to impeach the title of the holder of negotiable paper taken for value before maturity, so as to let in defenses which the paper wo uld be subject to in the hands of the original party. (*Ibid.*) Knowledge of the consideration, even when imparted by the note itself, will not prejudice the rights of a good faith purchaser, unless the consideration is such as invalidates the note or is legally insufficient. (*New* v. *Walker* (Ind.), 6 West. 873.) The purchaser of a negotiable note, before maturity, and for a valuable consideration, is not bound to inquire of the maker whether there is any defect in it, or defense against it; but is entitled to protection, unless there was bad faith in the purchase, or such gross negligence as is evidence of bad faith; and his purchase for value before maturity being shown, the onus of proving notice is on the maker. (*Wildsmith* v. *Tracy,* 80 Ala. 258.) Notice of facts to impeach a bill means knowledge of those facts, and by facts is intended facts which of themselves impeach the transaction, and not merely facts which tend to prove fraud or excite suspicion. (*Credit Co.* v. *Howe,* 3 N. E. 564 (Conn.), 8 Atl. 472.) The pendency of a suit relating to the validity of negotiable paper is not constructive notice to subsequent holders thereof before maturity. (*Enfield* v. *Jordan,* 30 U. S., L. Ed.

523.) The purchaser of a note from a *bona fide* holder for value may recover thereon, though he had knowledge of equities against it when he took it. (*Butterfield* v. *Ontario C. C. N. D.*, (N. Y.) 32 Fed. 891; *Bodley* v. *Emporia Nat. Bank*, 38 Kan. 59, 16 Pac. 88.) A mere suspicious circumstance will not prevent a party from becoming a *bona fide* purchaser of a note for value. (*Manufacturers' Nat. Bank* v. *Newell*, 71 Wis. 309, 37 N. W. 420; *Davis* v. *Seeley* (Mich.), 15 Western, 412, 38 N. W. 901; *Tescher* v. *Morea*, 118 Ind. 586, 21 N. E. 316.)

The purchaser of a note is presumably a *bona fide* holder and can recover in an action against the maker unless not only a good defense is proved, but also that purchaser had knowledge of the defense before taking the note. (*McRitchie* v. *Johnson*, (Kan.) 30 Pac. 477.) A transferee of a note fraudulently obtained in its inception, from a *bona fide* purchaser for value before maturity, is entitled to recover thereon, by virtue of the right acquired from his indorser, notwithstanding any knowledge he may have had at the time of the indorsement to him of the fraudulent origin of the note. (*Cover* v. *Myers* (Md.), 23 Atl. 850; *Cover* v. *Bowersox* (Md.), 23 Atl. 1037; *Cameron* v. *First Nat. Bank*, 46 Mo. App. 440.)

The assignee of a promissory note having nothing on its face or in the written indorsement or assignment to indicate its invalidity may, in Colorado, recover thereon against the maker, although he was in possession of facts or circumstances sufficient to arouse suspicion in the mind of a person of ordinary prudence, and is guilty of negligence in not first following up such information. (*Tourlettotte* v. *Brown*, 29 Pac. 130, 1 Colo. App. 408; *Merchants' Bank* v. *McClelland*, 13 Pac. 725.)

The ordinary rules of constructive notice applicable to purchasers of personalty do not apply to negotiable instruments, the decisive test of the holder's right to which is the *bona fides* of the transaction, without regard to the vendor's fraud or title. The omission from Tex. Rev. Statutes, Art. 265, relating to transfers of negotiable paper, of the words "in the usual course of trade," is immaterial. (*Wilson* v. *Denton*, 82 Tex. 531, 18 S. W. 620.) Neglect to inquire as to the inception of a note is

not sufficient to charge one taking it before maturity with notice of defects so as to prevent its collection by him or his assignee after maturity. (*Matson* v. *Alley,* 141 Ill. 284, 31 N. E. 419, Affg. 41 Ill. App. 72.) A bank receiving negotiable instruments from a broker in pledge for a loan, under circumstances not tending to create suspicion, though without knowledge or inquiry, as to the ownership or the authority of the broker, takes as a *bona fide* holder, and may realize upon them for the repayment of the advance, as against the owner in fraud or whom the pledge was made. (*London Joint Stock Bank* v. *Simmons* (H. L. E.), 1892, A. C. 201.)

The letters C. I. P. preceding the signature on the face of a note are not alone sufficient notice that it was given for a patent named Chapin Iron Process, so as to bring it within Mill & V. Tenn. Code, Sec. 2481, providing that a note given for an interest in a patent shall be subject in the holder's hands to all defenses against the original payee when the fact that it was so given appears on its face. (*Chattanooga First Nat. Bank* v. *Stockell* (Tenn.), 20 L. R. A. 605, 21 S. W. 523.) Mere suspicion of a defense is not enough to impeach the title of the holder of negotiable paper transferred to him before maturity for value. There must be actual notice to him of a defense to the paper consisting of knowledge of facts which would impeach the validity of the note between the antecedent parties. (*De-Long* v. *Schroeder,* 45 Ill. App. 236.) The recital in a promissory note that it is given in payment for land on that day purchased does not constitute notice that the sale of the land was oral, so as to affect the rights of an indorsee in case the sale of the lands was rescinded. (*Ferress* v. *Tavell* (Tenn.), 3 L. R. A. 414, 87 Tenn. 386, 11 S. W. 93.) Circumstances which ought to have excited suspicion in the mind of a prudent and reasonable man are not sufficient to defeat a claim to hold a negotiable note as a *bona fide* purchaser, unless they show that the purchaser acted in bad faith or with a want of honesty. (*Kitchen* v. *Loudenback,* 48 Ohio St. —, 24 Ohio L. J. 142, 26 N. E. 979.) A very large discount obtained by the purchaser of a note having but a short time to run, and whose maker

is perfectly solvent, is a circumstance for the jury to consider upon the question of bad faith. (*Franc* v. *Dickinson,* 34 N. Y. S R. 864, 26 N. E. 250, 125 N. Y. 710, Rev'g 52 Hun 373, 24 N. Y. S. R. 446, 5 N. Y. Supp. 303.)

Knowledge of a warranty on a sale in which a note was given will not affect the rights of a *bona fide* purchaser of the note for value before maturity, if he had no knowledge of the breach of the warranty. (*Miller* v. *Ottaway* (Mich), 8 L. R. A. 427, 45 N. W. 665.) Indorsees of a note are not put upon inquiry as to a subsequent failure of consideration, by a statement or recital in the note that it is given for the hanging of advertising signs in street cars, after a subsequent date. (*Siegel* v. *Chicago Trust Co.*, 131 Ill. 569, 7 L. R. A. 537, 23 N. E. 417.) A banking company is a *bona fide* holder for value of negotiable instruments which, having been stolen from it by its manager, have been restored by him to its possession, or replaced by similar ones, without any knowledge on the part of the bank of any wrong or fraud on his part, and can hold them against a third person who was a *bona fide* purchaser, and from whom they were procured by fraud for the purpose of restoration. (*London Bkg. Co.* v. *London,* 7 R. Plate Bank (Eng. Ct. App.), 40 Alb. L. J. 468, 1 R., 21 Q. B. Div. 535.) The rule that when the maker of a negotiable paper shows it has been obtained from him by fraud or duress, a subsequent transferee must, before he is entitled to recover on it, show that he is a *bona fide* purchaser, is not satisfied by showing that the transferee paid value for the note, but it is necessary that he show that he had no knowledge of the fraud. (*Vosburg* v. *Diefendorf,* 119 N. Y. 357, 29 N. Y. Supp. 448, 23 N. E. 801.) A purchaser of a note, knowing that the payee was dealing in Bohemian oats, but having no knowledge of the Bohemian oats scheme, or that this note was given in such a transaction, while the scheme had not at the time become public, is entitled to enforce payment of the note, if he purchased it before maturity, for value and in good faith. (*Helms* v. *Douglass* (Mich.), 45 N. W. 1009.) An innocent holder of a note fraudulently obtained in its inception is one who takes it for value without actual knowledge of the

fraud. (*Breckenridge* v. *Lewis,* 84 Me. 349, 24 Atl. 164.)
Knowledge of facts which would put a prudent man on inquiry
will not affect the right of a purchaser of a promissory note to
recover, if otherwise a *bona fide* holder for value. (*Clark* v.
*Evans,* C. C. App. (8th C.), 66 Fed. 263, 23 Wash. Law Rep.
502, 73 C. C. A. 43.) Circumstances suggesting fraud in the
execution and issuance of a negotiable instrument are not suffi-
cient to affect the character of the holder of the same as a *bona
fide* holder for value, but actual knowledge of the infirmity
is required to effect such result. (*Lincoln Nat. Bank* v. *Schoen,*
56 Mo. App. 160.) A purchaser of a negotiable promissory
note, for a valuable consideration before maturity, is not af-
fected by notice of facts calculated to arouse the suspicions of
a prudent man as to the transactions in which the note was
given, unless it is of such a character as to render his act in pur-
chasing the note without investigation an act of bad faith.
(*Bowman* v. *Metzger,* 39 Pac. 3 (Ore.) A holder of a nego-
tiable note *bona fide* for value without notice may recover there-
on, although he took it under circumstances which should excite
the suspicion of a prudent man. (*Clarion Nat. Bank* v. *Mor-
gan* (Pa.), 165 Pa. 199, 25 Pitts. L. J. N. S. 231, 30 Atl. 95.)

One about to purchase negotiable paper is not required by
good faith to make any inquiry as to possible defenses of which
he had no notice either from the face of the paper or facts com-
municated at the time. (*First Nat. Bank* v. *Weston,* 88 Hun.
29, 34 N. Y. Supp. 558.) That a negotiable note recites on its
face that it is given for rent of a designated farm for a specified
year, thus disclosing a possibility of the existence of a defense,
which would defeat the payee's right to recover, does not cast
upon a purchaser any duty of investigation. (*Buchanan* v.
*Wren,* Tex. Civ. App., 30 S. W. 1077; *Hynes* v. *Winston,* Tex.
Civ. App., 40 S. W. 1025.) To deprive a purchaser before
maturity of a promissory note of the character of a *bona fide*
purchaser, it is not enough that he had knowledge of existing
facts and circumstances which would put an ordinarily prudent
man upon inquiry. (*Atlas Nat. Bank* v. *Holm* (C. C. App.
7th C.), 34 U. S. App. 472, 71 Fed Rep. 489.) The mere fact

that a bank had a suspicion that all might not be right when an application was made for an exchange of its draft for that of a customer, brought by the latter's clerk, is not sufficient to defeat its character of *bona fide* purchaser of the customer's draft. (*Lampson* v. *Illinois Trust Co. & S. Bank,* 62 Ill. App. 371, 1 Chic. L. J. Wkly. 37.) A bank is not chargeable with negligence in not comparing the signature of an indorser on a renewal note with that on the original. (*Lynndale Nat. Bank* v. *Fletcher,* 68 Vt. 81, 34 Atl. 38.) One who, before maturity, in good faith and without notice takes a negotiable instrument to secure a valid pre-existing debt, is a holder for value in the usual course of business. (*Hotchkiss* v. *Fitzgerald Patent P. P. Co.* (W. Va.), 23 S. E. 576, 41 West Va. 357.)

A knowledge by the holder of a promissory note of suspicious facts tending to show defects therein, or knowledge of fraudulent and similar transactions of the same payee, are facts to be considered by the jury in determining whether the holder purchased the note in good faith. (*Craig* v. *Shearer* (C. P.), 13 Lan. Law Rev. 325.) That a note was acquired under suspicious circumstances, but not so as to create a reasonable inference of bad faith on the part of the holder, will not render it open to defenses in his hands. (*Lancaster County Nat. Bank* v. *Garber,* 178 Pa. 91, 13 Lanc. Law Review, 277.) The pledge of a negotiable note as collateral security for an antecedent debt is entitled to the protection accorded *bona fide* purchasers only to the extent of the pre-existing debt, and cannot recover more than that amount from the maker who has a good defense as against the indorser. (*Yellowstone Nat. Bank* v. *Gagnon,* 19 Mont. 402, 48 Pac. 762.)

Notice by the pledgee of notes that the holder, who represented himself as a *bona fide* holder, was the president of a bank whose indorsement in blank is borne by the notes, and that the notes were originally offered to another bank having the same president as the pledgee bank, for the purpose of increasing the balance of the indorsing bank, does not charge the pledgee with knowledge that the notes did not belong to the holder individually, but to the indorsing bank. (*Kaiser* v. *The*

*First Nat. Bank* (C. C. App. 5th C.), 78 Fed. Rep. 281.) It is not sufficient to defeat recovery by an indorsee of a promissory note that he took it under circumstances that should excite suspicion in the mind of a prudent man.   (*Wing* v. *Ford,* 89 Me. 140, 35 Atl. 1023.)

In the federal courts it is a well settled doctrine that the purchaser of a promissory note is not deprived of his character of purchaser in good faith by proof that he took the note with knowledge of such circumstances as ought to put an ordinarily prudent man upon inquiry to ascertain the facts.   (*Doe* v. *Northwestern Coal & T. Co.* (C. C. D. Ore.), 78 Fed. Rep. 62.) The rights of the holder of negotiable paper who receives it for value in the usual course of trade, and before maturity, can only be defeated by evidence of actual notice by him of facts impeaching the validity of the transaction and the validity of the instrument, and notice sufficient to put a prudent man upon his inquiry, which, if prosecuted, would develop such facts, is not sufficient.   (*Schroder* v. *Seitz,* 68 Mo. App. 233.)

In this state under the Codes (Section 4055, Civil Code, and preceding sections), the rule is declared more broadly than in the cases just cited, and this case being tried under the Code, should be substantially guided by the laws now existing, or at least by the common law.   It is true that in some of the states presumptions in favor of a holder are stronger than in other jurisdictions; but in no case in the books have we found the general proposition adduced in the foregoing decisions in anywise departed from.   And we submit that in *Thamling* v. *Duffey.* 14 Mont. 567, nor in any other case which can be found, has a party who has shown his *bona fides* been turned away, because of some suspicion which might be attached by one who had no evidence to back up his suspicions.   In all the cases cited, *supra,* the question of *bona fides* or *mala fides* was left to the jury, and in this case the jury found the facts in favor of the plaintiff. There are no specifications to review the facts of this case.   A note given for a gambling debt is only non-negotiable when expressly prohibited by statute, and even then the courts are reluctant to enforce the statute.   (*Merchants' Bank* v. *McClel-*

*land,* 13 Pac. 725.)   In the light, then, of all the law which
can be found upon this branch of the law, and we take it that
such decisions apply to this case, we are confronted with the
general proposition that the plaintiff's good faith being a ques-
tion of fact, was found by the jury in his favor, as were all the
other facts found by the jury in the favor of the appellant.

*Messrs. Campbell & Parr,* for Reespondent.

THE HONORABLE HENRY C. SMITH, one of the Dis-
trict Judges of the First Judicial District, sitting in the place
of the Chief Justice, delivered the opinion of the court.

This action is brought to recover judgment upon a bank
check.   There was a verdict and judgment for the plaintiff.  A
motion for a new trial was granted, and the plaintiff appeals
therefrom.   This is the second appeal of the case.   (See *Har-
rington* v. *Butte & Boston Mining Co.,* 19 Mont. 411, 48 Pac.
758.)

The order granting a new trial is general in terms, simply
sustaining the defendant's motion; and, while the opinion of
the trial judge is found in the transcript, it is not embraced in
any bill of exceptions, is not part of the record, and cannot be
considered.   (*Menard* v. *Montana Central Railway Co.,* 22
Mont. 340, 56 Pac. 592.)   One of the grounds of the motion
was the insufficiency of the evidence to justify the verdict.

The first contention of the appellant is that the specifications
of particulars in which the evidence was insufficient are not ex-
plicit enough to justify the trial court in basing thereon an
order for a new trial.   Adopting the language employed by this
court in *Patten* v. *Hyde,* 23 Mont. 23, 57 Pac. 407, we think
the specifications are sufficient to point out the particulars in
which the evidence is alleged to be insufficient to justify the
verdict.   They gave the plaintiff notice and advised the court
in plain language of the matters that would be urged on the
hearing of the motion.

This brings us to a consideration of the question whether
the trial court erred in granting the motion.   The plaintiff al-

leges in his complaint the giving of the check in question by the defendant to Leggat; that Leggat indorsed the same to Wearth, and Wearth indorsed to plaintiff for value; and that plaintiff is the present owner and holder thereof. Defendant, by its answer, sets forth that Wearth obtained said check from Leggat by false, fraudulent and deceitful practices, and without consideration; that the check was delivered by Wearth to plaintiff without consideration, for the purpose of cutting off any defense thereto by the defendant; and that plaintiff had knowledge that Wearth had acquired the check from Leggat fraudulently, and without consideration. The replication, in substance, denies these affirmative allegations of the answer. Upon the trial the plaintiff at once assumed the burden of showing the circumstances under which he acquired the check. The defendant then offered evidence in support of the allegations of its answer. In rebuttal, the plaintiff offered additional testimony as to how he came into possession of the check.

The burden was upon the defendant to prove that Wearth obtained the check from Leggat through fraud. If this were shown, the burden was then upon the plaintiff to show by the preponderance of evidence that he was a *bona fide* holder for value. It must be regarded as the settled law of this state that when negotiable paper is shown to have been obtained from the maker or (as is alleged in this case) from the payee by fraud, a subsequent transferee must, before he is entitled to recover, show that he is a *bona fide* purchaser. (*Thamling* v. *Duffey,* 14 Mont. 567, 37 Pac. 363, 43 Am. St. Rep. 658; *Rossiter* v. *Loeber,* 18 Mont. 372, 45 Pac. 560.)

Whether or not the plaintiff satisfied this rule was a question, in the first instance, for the jury, under the instructions of the court. The jury determined that he had, and it then became the duty of the court, upon defendant's motion for a new trial, to say whether the evidence, in weight, justified the verdict. The order for a new trial being general in terms, we must assume that the court was of opinion that the evidence was insufficient in the sense that it preponderated against the conclusion of the jury.

We have carefully read the testimony.   It is conflicting, and would justify a verdict for either party.   It was the duty of the trial judge, if satisfied that the verdict was not warranted by the evidence, to set it aside upon proper motion.   (*Patten* v. *Hyde, supra.*)

The order granting a new trial is affirmed.

*Affirmed.*

MR. JUSTICE PIGOTT:   I concur.

MR. JUSTICE MILBURN:   I concur.

THE CHIEF JUSTICE, having, when a district judge, tried the cause in the court below, does not participate in the foregoing opinion.

Rehearing denied July 21, 1902.