THE CORPORATION OF THE MEMBERS OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS Residing in the Fifteenth Ecclesiastical Ward of the Salt Lake Stake of Zion, a Corporation, Respondent, v. HELEN WATSON, Appellant.

No. 1529.    (76 Pac. 706.)

Appeal: Order Granting New Trial: Res Judicata: What May be Gone into on Second Trial.

When a case is reversed and a new trial ordered without any restrictions or limitations the entire case is reopened and the parties hold the same relative positions with respect to the introduction of evidence, burden of proof, etc., as if the case had never been tried.

(Decided April 30, 1904.)

Appeal from the Third District Court, Salt Lake County.—*Hon. W. C. Hall,* Judge.

The opinion states the facts. See 25 Utah 45. From a judgment in favor of the plaintiff, the defendant appealed.

REVERSED.

*D. S. Truman, Esq.,* for appellant.

*Messrs. Richards, Richards & Ferry* for respondent.

McCARTY, J.—This action was before this court on a former appeal taken from a judgment rendered in favor of respondent corporation. (25 Utah 45.) After a careful review of the facts in the case and an elaborate discussion of the questions raised by the appeal, the court, speaking through Mr. Justice MINER, concludes the opinion as follows: "The findings and decree upon this subject are not, in our opinion, supported by the evidence, but are contrary to the facts and legal presumptions arising in such cases, as heretofore expressed. The case should be remanded to the district court with instructions to set aside the findings, vacate and reverse the judgment and decree, and to grant a new trial." In accordance with this order and mandate the case was remanded to the trial court for a new trial.

The case again came on for trial in the lower court, and plaintiff introduced in evidence a deed held by it for the property in controversy and upon which it based its claim of title, and also evidence of the rental value of the premises for the time that it is alleged defendant has been in unlawful possession of the same, and rested its case.

When defendant offered evidence in support of the issues raised by her answer, it was objected to on the ground that these issues had been determined by this court on the former appeal, the trial court taking the view that the case had not been remanded for a new

trial on all the issues, and that all questions of fact which were involved and determined on the former trial and appeal could not be gone into, sustained the objection, and excluded all evidence offered by defendant which had been admitted in the former trial of the case, and entered judgment for the plaintiff. This action of the court is now assigned as error.

When a case is reversed and a new trial ordered without any restrictions or limitations, as was done in this case, the entire case is reopened, and the parties to the proceeding hold the same relative positions with respect to the introduction of evidence, burden of proof, etc., as if the case had never been tried.

Mr. Spelling, in his work on New Trial and Appeal Prac., Vol. 2, sec. 716, says: "As previously shown an order of the appellate court for a new trial may limit the retrial to particular issues; but a general order necessitates a retrial upon all the issues." Jacobs v. Walker, (Cal.) 33. Pac. 91; Mattock v. Goughner, (Mont.) 34 Pac. 36; Hidden v. Jordan, 28 Cal. 303.

The case is reversed with directions to the trial court to vacate and set aside the judgment and decree entered and to grant a new trial on all the issues. Costs of this appeal to be taxed against the respondent.

BASKIN, C. J., and BARTCH, J., concur.