WELCH ET AL., APPELLANTS, *v.* NICHOLS, RESPONDENT.

(No. 2,849.)

(Submitted June 22, 1910.  Decided June 30, 1910.)

[110 Pac. 89.]

*Brokers—Certificates of Stock—Contracts of Sale—Breach of—*
*Measure of Damages—New Trial Order—When Affirmed.*

New Trial Order—Appeal—Affirmance, When.

1.  Where an order granting a new trial does not disclose the particular ground upon which the court based its action, it will be affirmed if it can be justified upon any of the grounds properly laid in the motion asking a retrial.

Same—Conflicting Evidence—Appeal—Affirmance.

2.  If on an appeal from an order granting a new trial it appears that the evidence presents a substantial conflict, the order will be affirmed (unless it expressly excludes the ground of insufficiency of the evidence), even though the moving party was not as a matter of right entitled thereto on any alleged error of law.

Same—Insufficiency of Evidence—Discretion.

3.  A motion for a new trial on the ground of insufficiency of the evidence is addressed to the discretion of the trial court; its action thereon will not be disturbed unless it is manifest that such discretion has been abused.

Brokers—Sale of Corporate Stock—Breach of Contract—Measure of Damages.

4.  Where, after the breach of an agreement to purchase certain shares of stock from plaintiff brokers, under the terms of which defendants were bound to receive and pay for the same within a stipulated number of days, at which time title should pass, plaintiffs sold the stock in open market at the best available price, the measure of damages was the difference between the price fixed in the contract and the value of the shares to the seller—such value to be determined as provided in section 6081, Revised Codes.

*Appeal from District Court, Silver Bow County; Jeremiah J.*
*Lynch, Judge.*

ACTION by Howard K. Welch and another, doing business as Welch & Harrington, against W. H. Nichols and another.  There was a verdict and judgment for plaintiffs against defendant W. H. Nichols, and from an order granting him a new trial, plaintiffs appeal.  Affirmed.

In behalf of Appellants, there was a brief by *Messrs. Mattison, Cavanaugh & Poore,* and oral argument by *Mr. J. A. Poore.*

Where evidence is conflicting, the jury's verdict will not be disturbed, unless clearly unsupported by the evidence before them. (*Kleinschmidt* v. *Dunphy,* 1 Mont. 124; *Frank* v. *Murray,* 7 Mont. 11, 14 Pac. 654; *Carron* v. *Wood,* 10 Mont. 506, 26 Pac. 388.) A new trial will not be granted if there is some testimony to support the verdict, although there is a preponderance of the evidence against it. (*Lincoln* v. *Rodgers,* 1 Mont. 220, 14 Morr. Min. Rep. 79; *Toombs* v. *Hornbuckle,* 1 Mont. 286; *Ming* v. *Truett,* 1 Mont. 322.) A new trial should not be granted for mere error, when it clearly appears that, had the error not been made, the result would have been the same. (*Edwards* v. *Wagner,* 121 Cal. 376, 53 Pac. 821; *Murphy* v. *Patterson,* 24 Mont. 591, 63 Pac. 380; *State* v. *Napton,* 24 Mont. 451, 62 Pac. 686.)

The by-laws constituted a contract between the members of the exchange, by which they were alike shielded and bound, and so long as they are not repugnant to some principle of public policy or some established rule of law, they will be upheld. (*Strauss* v. *Thoman,* 60 Misc. Rep. 72, 111 N. Y. Supp. 745; *Quentell* v. *New York Cotton Exchange,* 56 Misc. Rep. 150, 106 N. Y. Supp. 228; *Moffat* v. *Board of Trade of Kansas City* (Mo. App.), 111 S. W. 894; *Board of Trade of City of Chicago* v. *Nelson,* 162 Ill. 431, 153 Am. St. Rep. 312, 44 N. E. 743; *Bostedo* v. *Board of Trade of City of Chicago,* 227 Ill. 90, 81 N. E. 42; *Evans* v. *Chamber of Commerce,* 86 Minn. 448, 91 N. W. 8; 25 Am. & Eng. Ency. of Law, 1131; 17 Cyc. 852.)

Where the parties themselves have agreed upon the compensation for a breach of contract, or have provided the means by which the amount of damages may be ascertained, this will control and govern. (*Commonwealth Ins. Co.* v. *Sennett,* 37 Pa. 205; *Bodine* v. *Glading,* 21 Pa. 50, 59 Am. Dec. 749; *Camp* v. *Behlow,* 2 Cal. App. 699, 84 Pac. 251; 8 Am. & Eng. Ency. of Law, 636; 13 Cyc. 155, 156; *City of Chicago* v. *Sexton,* 115 Ill. 230, 2 N. E. 263.) So in this case, the parties fixed the measure

of damages by their by-laws, which was a portion of the contract entered into between them, and this will be adopted by the court.   (13 Cyc. 155, 156, and cases *supra*.)

*Mr. C. M. Parr* submitted a brief in behalf of Respondent, and argued the cause orally.

MR. CHIEF JUSTICE BRANTLY delivered the opinion of the court.

This action was brought to recover damages for a breach of contract of sale by plaintiffs to defendants of 5,000 shares of the capital stock of the Butte-Montana Mining Company. It is alleged that on November 13, 1908, the plaintiffs, as copartners doing business as brokers, sold to the defendants, also brokers, upon the floor of the Butte Exchange and under its rules, 4,300 shares at fifty-five cents, and 700 shares at fifty-four cents; that according to the terms of the contract the defendants had the option to demand, pay for, and receive the stock at any time within ten days from the date of sale, Sundays and holidays excluded, but were bound to receive and pay for it within that time; that at the time the sale was made the plaintiffs informed the defendants that the stock was in Pittsburgh, Pennsylvania, and could not be delivered until the expiration of four or five days thereafter, and that defendants consented to accept delivery after the expiration of that time; that afterward the stock did arrive, and thereupon the plaintiffs offered to deposit it as an escrow in bank or in the hands of a third party, as provided by the rules of the Exchange, but that defendants stated that this would not be necessary; that by declining to have the deposit made, the defendants waived the requirement of the rules in this regard; that defendants failed to demand or receive or pay for the stock within the period of ten days, although plaintiffs were ready and willing to deliver the same under the terms of the contract; and that on September 25, 1908, at the expiration of the time within which delivery might be made, plaintiffs offered to deliver the stock and tendered the same to

defendants, but that the defendants refused to accept or pay for the same; that thereupon plaintiffs offered for sale, and sold, the stock on the floor of the Exchange in due course of business at public auction, for the best price obtainable, to-wit, thirty-five cents per share, and that by reason of defendants' refusal to accept and pay for it at the stipulated price, the plaintiffs suffered damage in the sum of $993.

The answer denies that the defendant Sarah Nichols was ever associated with W. H. Nichols in business. It alleges that W. H. Nichols was a member of the Exchange; that on November 13, 1908, he bought from plaintiffs on the floor of the Exchange 4,300 shares of the stock of the Butte-Montana Mining Company at fifty-five cents, and 400 shares at fifty-four cents; that he had the option of taking the shares at any time within ten days from the date of purchase, upon payment of the price; that he was entitled, upon demand and payment of twenty per cent of the price, to have plaintiffs deposit the shares together with said payment in a bank in the city of Butte to be agreed upon, as a guaranty for the fulfillment of the contract; that on November 14 and 16 he demanded of the plaintiffs a delivery of the stock according to the terms of the contract, but that they failed to produce and deliver it as required by the rules of the Exchange, or to tender it to him either at that time or thereafter; that in order to fill orders for the shares which he had so purchased from plaintiffs, he was compelled to buy other shares and use them in their stead. It concludes with a denial of all allegations in the complaint not specifically admitted. The reply joins issue upon the affirmative allegations in the answer. It then alleges that the defendants at the time of the sale agreed not to require a deposit of the stock as provided by the rules of the Exchange, and hence waived the requirement of the rules in this regard.

At the trial no evidence was introduced tending to connect the defendant Sarah E. Nichols with the transaction. The action seems to have been abandoned entirely as to her. In any event, the trial resulted in a verdict and judgment for plaintiffs against W. H. Nichols alone, for $936, the difference be-

tween the purchase price of 4,700 shares which he alleges he purchased, and the amount which these shares brought at sale on the Exchange at thirty-five cents. The appeal is by the plaintiffs from an order granting this defendant a new trial. The grounds of the motion were insufficiency of the evidence to justify the verdict, and errors of law occurring at the trial and excepted to by the defendant.

The order granting the motion does not indicate the particular ground upon which the court based its action. If, therefore, it can be justified upon any of the grounds properly laid in the motion, it is incumbent upon this court to affirm it. (*State* v. *Schnepel,* 23 Mont. 523, 59 Pac. 927.) And though in a given case it may appear that the moving party was not upon any alleged error of law entitled to have his motion granted as a matter of right, the action of the court will be sustained if the evidence presents a substantial conflict, for in such case, unless the order expressly excludes the ground of insufficiency of the evidence, it will be presumed that the court, in the exercise of its discretionary power, granted the motion, because it was of the opinion that the evidence was insufficient to justify the finding of the jury. (*Menard* v. *Montana Central Ry. Co.,* 22 Mont. 340, 56 Pac. 592; *Butte & Boston Min. Co.* v. *Société Des Mines de Lexington,* 23 Mont. 177, 75 Am. St. Rep. 505, 58 Pac. 111.) As counsel for plaintiffs contend, the trial court should not grant a new trial, except for reasons appearing to it cogent and convincing, because all questions of fact presented by the evidence are primarily to be solved by the jury (*Sutton* v. *Lowry,* 39 Mont. 462, 104 Pac. 545); yet it has been uniformly held by this court that when a ground of the motion is insufficiency of the evidence, it is as to this ground addressed to the discretion of the trial court, and its action thereon will not be disturbed, unless it is manifest that this discretion has been abused. (*Mattock* v. *Goughnour,* 13 Mont. 300, 34 Pac. 36; *Haggin* v. *Saile,* 14 Mont. 79, 35 Pac. 514; *Murray* v. *Heinze,* 17 Mont. 356, 42 Pac. 1057; *Ray* v. *Cowan,* 18 Mont. 259, 44 Pac. 821.)

The contract is what is termed a "buyer-ten" contract. By the rules of the Exchange, the seller under such a contract has the privilege of requiring the buyer to deposit the entire purchase price as security for the fulfillment of his engagement, and the buyer may require delivery at any time upon tender of the price or a deposit of the certificates in the hands of a bank or some other third person, for delivery to the buyer upon payment. If either party fails to meet either of these requirements after notice, the transaction may be closed, by purchase or sale, through the secretary of the Exchange on account of the delinquent, and the latter is responsible for any loss. The controversy in the evidence was upon the question whether at the time of the sale it was understood by the parties that the plaintiffs should have four or five days' time to obtain the certificates of stock from Pittsburgh, Pennsylvania, before they could be required to make delivery or deposit, and there was a waiver by the defendants of their right to demand a compliance with the rules until the expiration of this time, or whether the transaction was strictly a "buyer-ten" contract under the rules. The statements of the witnesses, except as to the fact that a sale was made, were in irreconcilable conflict; so much so that upon the printed record before us, it would be difficult to arrive at any just conclusion as to where the right of the controversy is. Such being the condition, it was entirely within the discretion of the court to say that the issue should be tried again, and, under the rule declared in the cases cited, we may not interfere.

It appears that, on November 25, the plaintiffs, having in the meantime received the stock, after failure of defendant to demand and pay for it, sold it at auction upon the floor of the Exchange, at thirty-five cents. As to the measure of damages, the court instructed the jury as follows: "You are instructed that if you find for the plaintiffs in estimating damages, the value of the property to the seller thereof is deemed to be the price which he could have obtained for it in the market nearest to the place at which it should have been accepted by the buyer and at such time after the breach of the contract as would have

sufficed, with reasonable diligence, for the seller to effect a re-sale. The damage is the difference between the price above men-tioned and the contract price.''

The contention is made by counsel that the defendant Nichols. was entitled to a new trial as a matter of right, on the ground that this instruction is erroneous in declaring the measure of damages. It is argued that the correct measure is the difference between the purchase price fixed in the contract and the net price which the plaintiffs should have received at a sale of the stock as a pledge to enforce their lien, as provided in sections 5803, 6059 and 6828 of the Revised Codes. The contract was executory, and the title did not pass. (Revised Codes, sec. 4633.) Under section 6059, *supra,* upon a refusal of the buyer to accept the property sold, the seller may exercise one of two options: He may sell the property as a pledge at auction, as is provided in sections 5803 and 6828. In that case the measure of damages is, as provided in subdivision 1 of section 6059, the difference between the contract price and the net proceeds of the sale. He is not bound to pursue this course, however. He may sell the property as his own, in the market at the best available price. In such case the measure of damages is the difference between the price fixed in the contract and its value to the seller, together with the excess of the amount of expense incurred in getting the property to market over and above what such expense would have been, had the buyer accepted it. The value to the seller is to be determined as provided in section 6081, which declares: "In estimating damages the value of property to the seller thereof is deemed to be the price which he could have obtained therefor in the market nearest to the place at which it should have been accepted by the buyer and at such time after the breach of the contract as would have sufficed, with reasonable diligence, for the seller to effect a re-sale.'' Provisions of the Civil Code of California, identical with the foregoing provisions of our Code, *supra,* were construed and applied in *Hill* v. *McKay,* 94 Cal. 5, 29 Pac. 406, and *Hewes* v. *Germain Fruit Co.,* 106 Cal. 441, 39 Pac. 853. It was held

that the provision contained in section 6081 (California Civil Code, sec. 3353) prescribes the measure of damages applicable to cases like the one before us. We think this the correct construction and adopt it. The evidence is silent as to whether any expense was incurred in effecting the resale. Except as to this element of the measure, the instruction embodies substantially the provisions of section 6081, *supra,* and is correct.

The other contentions made by counsel we do not deem of sufficient importance to merit special notice.

The order is affirmed.

*Affirmed.*

MR. JUSTICE SMITH and MR. JUSTICE HOLLOWAY concur.