KELLY, RESPONDENT, *v.* CITY OF BUTTE, APPELLANT.

(No. 2,986.)

(Submitted June 9, 1911. Decided June 17, 1911.)

[117 Pac. 101.]

*Appeal—New Trial Order—When Affirmed.*

New Trial Order—When Affirmed.

1. An order, general in terms, granting a motion for a new trial, asked for on the ground, among others, that the evidence was insufficient to justify the verdict, will not be disturbed on appeal, where there was a sharp conflict in the evidence on all material issues involved.

Same.

2. The rule, *supra*, that on appeal an order, general in terms, granting a motion for a new trial will not be disturbed, applies as well to an order denying such a motion.

*Appeal from District Court, Silver Bow County; Jeremiah J. Lynch, Judge.*

ACTION by James P. Kelly against the City of Butte. From an order granting plaintiff's motion for a new trial, defendant appeals. Affirmed.

*Messrs. Edwin M. Lamb, John R. Boarman,* and *N. A. Rotering* submitted a brief in behalf of Appellant. *Mr. John A. Smith* argued the cause orally.

No appearance in behalf of Respondent.

MR. CHIEF JUSTICE BRANTLY delivered the opinion of the court.

This action was brought by the plaintiff to recover damages for personal injuries alleged to have been occasioned by the negligence of defendant in permitting a sidewalk upon one of its principal streets along which plaintiff was traveling to be in a sunken, slanting, and sloping condition, and in permitting snow and ice to accumulate and remain thereon in "a heaped-up, rough, rounded, uneven, sloping and slanting condition, rendering the same unsafe and dangerous," thus causing the plaintiff to slip and fall. There was a verdict and judgment for the defendant. The appeal is by the defendant from an order granting plaintiff's motion for a new trial. The plaintiff based his motion upon the ground, among others, that the evidence was insufficient to justify the verdict. The court sustained it by a general order. Counsel for plaintiff have not submitted any brief or argument. Counsel for defendant insist that inasmuch as it is apparent from the record that plaintiff was not prejudiced by any ruling during the trial, and that the instructions are correct in point of law, the court was not justified in granting the order.

It is undoubtedly true that when a motion for a new trial is based upon alleged errors of law only, the propriety of the action of the trial court thereon will be determined by an answer to the inquiry: Was prejudicial error committed? If the record re-

quires an affirmative answer, the order granting the motion will be affirmed because the moving party is entitled to a new trial as a matter of strict legal right. In such case the granting or refusing of it does not rest in the discretion of the court (*State* v. *Schnepel,* 23 Mont. 523, 59 Pac. 927); on the other hand, if prejudicial error has not intervened, the right of the adverse party to have the judgment stand may not be disturbed, and an order granting a new trial will be reversed. When, however, the motion is also based upon grounds which appeal to the discretion of the court, as, for illustration, upon the insufficiency of the [1] evidence to justify the verdict, a general order granting a new trial will not be disturbed, even though no error was committed during the trial which in itself would justify the order, unless it is also manifest that there has been an abuse of discretion; for when the record discloses this condition, this court will presume that the trial court was of the opinion that the evidence was insufficient, and will go no further than to ascertain that it presents a substantial conflict. If it does, the judgment of the trial court will be accepted as conclusive. (*Welch* v. *Nichols,* 41 Mont. 435, 110 Pac. 89, and cases cited.) In *Welch* v. *Nichols* it was said: "And though in a given case it may appear that the moving party was not upon any alleged error of law entitled to have his motion granted as a matter of right, the action of the court will be sustained if the evidence presents a substantial conflict, for in such case, unless the order expressly excludes the ground of insufficiency of the evidence, it will be presumed that the court, in the exercise of its discretionary power, granted the motion because it was of the opinion that the evidence was insufficient to justify the finding of the jury." The case of *Copenhaver* v. *Northern Pacific Ry. Co.,* 42 Mont. 453, 113 Pac. 467, contains nothing in conflict with the rule here stated, as counsel contend, but, on the contrary, expressly recognizes and applies it. In that case the court had under review an order denying a motion for a new trial. Upon review in this [2] court the same rule applies to an order denying as to one granting a motion upon the ground of insufficiency of the evidence.

The evidence submitted in this case is in sharp conflict on all material issues involved. It was therefore entirely within the discretion of the trial court to say that they should be submitted to another jury.

.The order is affirmed.

*Affirmed.*

MR. JUSTICE SMITH and MR. JUSTICE HOLLOWAY concur.