FADDEN, APPELLANT, *v.* BUTTE MINERS' UNION NO. 1 ET AL., RESPONDENTS.

(No. 3,441.)

(Submitted November 14, 1914.   Decided December 12, 1914.)

[147 Pac. 620.]

*Appeal—New Trial Order—Affirmance, When.*

1.   An order, general in terms, granting a motion for a new trial, the notice of intention to move for which specified all the statutory grounds, will not be disturbed on appeal where the record shows a sharp conflict in the evidence on the issue tried.

*Appeal from District Court, Silver Bow County; Jeremiah J. Lynch, Judge.*

ACTION by Thomas Fadden against the Butte Miners' Union No. 1 and others.   Judgment for plaintiff, and from an order granting a new trial, he appeals.   Affirmed.

*Mr. Chas. G. Colby,* for Appellant, submitted a brief; *Mr. Jesse B. Roote,* of Counsel, argued the cause orally.

*Mr. William Meyer,* for Respondents, submitted a brief and argued the cause orally.

MR. JUSTICE SANNER delivered the opinion of the court.

Thomas Fadden brought this action in the district court of Silver Bow county against the Butte Miners' Union No. 1, Dennis Murphy, Joseph Penhall and John Hartigan, to recover damages for a malicious assault alleged to have been made by them upon him. The defendants, other than Murphy, stood upon a denial; Murphy coupled his denial with an affirmative plea to the effect that Fadden, after maliciously assaulting Penhall, attempted to assault him (Murphy) and he, to protect himself, struck Fadden. This was denied by the reply. The issues were tried to a jury who returned their verdict for the plaintiff, and judgment was entered thereon. Notice of intention to move for a new trial, specifying all the statutory grounds, was given and the motion itself was heard upon a bill of exceptions which embodied all the evidence. The motion was granted by an order general in its terms. This appeal is from that order, and our duty is to affirm it, if it can be upheld on any of the specified grounds.

We have read the record and can understand how the jury could return that the assault had been committed as alleged; [1]   but it must be acknowledged that the testimony is sharply conflicting upon this point. The question in the first instance was for the jury, and, upon motion for new trial, for the judge who saw the witnesses on the stand. If he was satisfied, as he may have been, that the preponderance of the evidence was not with the plaintiff, it was his duty to set the verdict aside. With such an order made under such circumstances we may not interfere. (*Harrington* v. *Butte & Boston Min. Co.*, 27 Mont. 1, 69 Pac. 102; *Kelly* v. *City of Butte*, 43 Mont. 451, 117 Pac. 101.)

The order appealed from is therefore affirmed.

*Affirmed.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE HOLLOWAY concur.