McVEY, Appellant, *v.* JEMISON et al., Respondents.

(No. 4,781.)

(Submitted April 21, 1922.  Decided May 24, 1922.)

[207 Pac. 633.]

*New Trial—Affirmance of Order, When.*

New Trial—Asked for on Several Grounds—Order Granting, in General Terms—Affirmance of Order, When.
 1.  Where the *notice of intention* to move for a new trial specified all but one of the statutory grounds, the order granting it in general terms will be sustained on appeal if it can be upon any one of the grounds mentioned in the notice.

Same—Conflict in Evidence—Discretion.
 2.  In the district court is lodged the sound legal discretion to grant or refuse a new trial in a case where the evidence is conflicting, and in the absence of anything showing manifest abuse of discretion, its action will not be disturbed on appeal.

*Appeal from District Court, Missoula County; Asa L. Duncan, Judge.*

Action by Ralph McVey against Abraham Jemison and Philip Jemison.  Verdict for plaintiff, and from an order granting a new trial, plaintiff appeals.  Affirmed.

Cause submitted on brief of Counsel for Appellant.

*Mr. Richard H. Smith* and *Mr. Arthur A. Brown,* for Appellant.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

This action was brought to recover damages for trespass upon real estate.  Plaintiff alleges that from January 1, 1914, to January 1, 1919, he was the lessee, in possession, and entitled to the possession, of 100 acres of land situated in Missoula county; that in September, 1918, the defendants wrongfully entered upon the land and plowed up and destroyed growing crops, to his damage in the sum of $400.

The answer is a general denial. The cause was tried to the court sitting with a jury, and resulted in a verdict in favor of plaintiff for $150. Upon application of defendants, the court granted a new trial and plaintiff appealed from the order.

The notice of intention to move for a new trial specifies [1] all the statutory grounds except newly discovered evidence. The order granting the motion is in general terms, hence it will be sustained if it can be upon any of the grounds mentioned in the notice. (*Sell* v. *Sell,* 58 Mont. 329, 193 Pac. 561.)

Among the grounds relied upon are insufficiency of the [2] evidence to justify the verdict, and excessive damages appearing to have been given under the influence of passion or prejudice, and upon either of these grounds the order may be sustained. The evidence is in direct conflict upon the question: Did the defendants go upon the land and do the plowing in question under expressed permission from the plaintiff? In the district court is lodged the sound legal discretion to grant or refuse a new trial in a case where the evidence is conflicting, and its action in the premises will not be disturbed on appeal except for manifest abuse of discretion. (*Fournier* v. *Coudert,* 34 Mont. 484, 87 Pac. 455.) If the court had in mind the conflict in the evidence upon the matter to which reference has just been made, it did not abuse its discretion in granting the order. If, however, the court resolved that conflict in favor of the plaintiff, the evidence does not justify a verdict for more than nominal damages if the testimony of the defendants as to the extent of their operations be accepted as true, or, if plaintiff's testimony be accepted, the verdict is grossly excessive.

The district court, having observed the witnesses on the stand, was in a much more advantageous position to judge of their credibility and of the propriety of the verdict than are the members of this court, and the order granting the motion will not be disturbed in the absence of anything to in-

dicate an abuse of discretion. In *Fadden* v. *Butte Miners' Union*, 50 Mont. 104, 147 Pac. 620, this court said: "The question in the first instance was for the jury, and, upon motion for new trial for the judge who saw the witnesses on the stand. If he was satisfied, as he may have been, that the preponderance of the evidence was not with the plaintiff, it was his duty to set the verdict aside. With such an order made under such circumstances we may not interfere."

The order is affirmed.

*Affirmed.*

ASSOCIATE JUSTICES COOPER and GALEN and HONORABLE ROY E. AYERS, District Judge, sitting in place of MR. CHIEF JUSTICE BRANTLY, disqualified, concur.