LOVE, Respondent, *v.* McDONNELL, Appellant.

(No. 4,933.)

(Submitted November 28, 1922. Decided December 21, 1922.)

[211 Pac. 211.]

*New Trial—Insufficiency of Evidence—Conflict in Evidence—Appeal and Error.*

New Trial—Insufficiency of Evidence to Support Verdict—Duty of Court.
1. On motion for new trial, the court must consider where the preponderance of the evidence lay, and if, after such consideration, it concludes that it was on the side of the losing party, then it is its duty to vacate the verdict rendered.

Same—Conflict in Evidence—Affirmance of Order Granting New Trial.
2. In an action on a note where the defense was forgery and the evidence was sharply conflicting on the one issue submitted, *viz.,* its execution, the supreme court will presume that the trial court, in granting a new trial on the ground of insufficiency of the evidence to support the verdict, believed it preponderated in favor of respondent and will not disturb its ruling.

*Appeals from District Court, Fergus County; Roy E. Ayers, Judge.*

Action by D. E. Love against Terrance McDonnell. Verdict for defendant, and, from an order granting plaintiff a new trial, defendant appeals. Affirmed.

Cause submitted on briefs of Counsel.

*Messrs. Cheadle & Cheadle,* for Appellant.

*Messrs. Blackford & Huntoon,* for Respondent.

HONORABLE JEREMIAH J. LYNCH, District Judge, sitting in place of MR. CHIEF JUSTICE CALLAWAY, disqualified, delivered the opinion of the court.

The plaintiff brought this action against the defendant to recover the sum of $4,000 and interest alleged to be due on a promissory note executed by the latter and one Jim McDonnell on or about the fifteenth day of October, 1917. The answer denied all the material allegations of the complaint so far as they concerned the defendant, and a trial before a jury resulted in a verdict in his favor. The court thereafter by an order general in its terms granted the plaintiff's motion for a new trial. From this order the defendant has prosecuted an appeal.

One of the grounds on which the motion for a new trial was based is the insufficiency of the evidence to justify the verdict of the jury. Appellant contends that the verdict was so clearly supported by a preponderance of the evidence that the trial court abused its discretion in setting it aside.

Let us for a moment advert to the evidence in the case so far as it is pertinent here. Esther Elizabeth McDonnell, the widow of Jim McDonnell and a witness for the plaintiff, testified that she saw the defendant sign the note sued upon. The defendant when on the stand in his own behalf denied that he signed the note and in effect pronounced the signature thereto, purporting to be his, a forgery. Experts in handwriting called as witnesses by one side disagreed with experts in handwriting called as witnesses by the other side as to the genuineness of the signature in question. From this it can be readily seen that the evidence was in sharp and clear conflict on what counsel for appellant correctly concedes was the

only real point in issue, namely, the execution of the note by the defendant.

On a motion for a new trial, the court must consider where [1] the preponderance of the evidence lay, and if, after such consideration, it concludes that it was on the side of the losing party, then it is manifestly its duty to vacate the verdict rendered. (*Harrington* v. *Butte & Boston Mining Co.*, 27 Mont. 1, 69 Pac. 102; *Fadden* v. *Butte Miners' Union No. 1*, 50 Mont. 104, 147 Pac. 620; *Bank of Commerce* v. *United States F. & G. Co.*, 58 Mont. 236, 194 Pac. 158.)

To sum up: The motion for a new trial was made on the [2] ground, among others, that the evidence was not sufficient. The order allowing it was general in form. The evidence was materially conflicting in character, and we may presume that the lower court believed it preponderated in favor of the plaintiff. This court, in a long line of decisions, the last being the case of *McVey* v. *Jemison*, 63 Mont. 435, 207 Pac. 633, has consistently held that under conditions like those existing here the ruling of the trial court will not be disturbed.

The order appealed from is therefore affirmed.

*Affirmed.*

ASSOCIATE JUSTICES COOPER, FARR, HOLLOWAY and GALEN concur.