## JAMES BROWN, Respondent, *v.* W. L. PICKARD, APPELLANT.

PRACTICE—AMENDMENT AS TO PARTIES.—The plaintiff sued three persons as partners, and on the trial, by leave of court, amended his complaint by striking out the name of one of them, and dismissed as to him; *held*, that the other defendants were not prejudiced by this amendment.

PLEADING—VARIANCE.—Variance as to the date of the consideration for which a negotiable instrument was given, is immaterial.

SUPERSEDED ANSWER—ADMISSION IN.—An answer which has been superseded as a pleading by an amended answer is still admissible in evidence against the defendant who made it, as an admission of the facts alleged therein.

APPEAL from a judgment of the district court of the third district and from an order refusing a new trial. The opinion states the facts.

*Messrs. Woods & Hoffman*, for the appellant.

*Mr. Arthur Brown*, for the respondent.

POWERS, J.:

In this case no objection is made or exception taken to the sufficiency of the evidence, but it is claimed that there is a variance between the allegations of the complaint and the proofs. The action was originally brought by the plaintiff against H. S. Campbell, W. L. Pickard, and H. C. Shurtliff, as copartners, doing business under the firm name of H. S. Campbell & Co. The defendant Campbell was not served with process, and during the progress of the trial the plaintiff was allowed to strike from the complaint the name of the defendant Shurtliff, and dismiss his case as to him. The suit was brought to recover judgment against the defendants upon two promissory notes. It was alleged that the defendant Pickard was a member of the firm of H. S. Campbell & Co. To

maintain the issue, the plaintiff introduced the notes signed by an admitted member of the firm of H. S. Campbell & Co., and also the testimony of one Greenhow, the plaintiff, and the defendant Pickard himself, to prove that Pickard was a member of the firm.

The complaint was founded upon the promissory notes, and the proofs conformed to them in every particular. It was alleged in the complaint that the consideration was concurrent with the execution of the notes. The notes were dated October 2, 1882. The proofs showed that in the summer previous the goods were delivered for which the notes were given, that the notes were executed several months thereafter, but that the partnership continued during all that time. We think that it was immaterial when the consideration arose, and that there was no variance. Even a difference in the date of a negotiable instrument is not such a variance as will prevent a recovery or compel the amendment of a complaint. Much less is a difference in the time of the consideration for which a negotitiable instrument is given: 1 Estee's Pl., 140, 142.

We do not think that the defendant was prejudiced by striking out Shurtliff's name. The question for the jury was whether Pickard was a member of the firm of H. S. Campbell & Co. Moreover, Pickard testified that Shurtliff was not a member of the firm. The court, in its charge to the jury, very clearly submitted the question at issue. The charge was as follows:

"If the jury find that defendant Pickard entered into an arrangement by which he, or he and Shurtliff together, were to furnish the means necessary to conduct and start the business of securing and carrying mail contracts, the work to be done by H. S. Campbell; that in pursuance of that arrangement Campbell used the name of 'H. S. Campbell & Co.,' with the knowledge of Pickard, and bought of plaintiff horses, harness, wagons, etc., necessary to carry on such business, and gave a note signed H. S. Campbell & Co. therefor, then these facts would prove a copartnership between Campbell and Pickard, and plaintiff would be entitled to recover.

2. If the jury find that H. S. Campbell and Pickard were copartners, and that Campbell executed those notes for a consideration furnished said copartnership, then plaintiff is entitled to recover on said notes."

It was not error to permit the reading in evidence of the first amended answer. Whether it had been superseded as a pleading by the second amended answer or not is not the question. It was an admission of the defendant of the facts contained therein. As such it was admissible.

We find no error in the record, and the judgment of the court below must be affirmed.

ZANE, C. J., and BOREMAN, J., concurred.

A petition for a rehearing having been filed, a rehearing was denied, and the following opinion rendered.

POWERS, J.:

The appellant moves for a rehearing. He alleges that the facts as stated by this court in its opinion are not sustained, but are opposed by a preponderance of the evidence, and that the court erred in its conclusions. Nothing is now submitted as a reason why a rehearing should be granted that was not fully considered in the argument. No showing is made that satisfies the court that it should review its conclusions, and we are not convinced that we erred. We long ago laid down the rule that, to justify a rehearing, a strong case must be made. We must be convinced that the court failed to consider some material point in the case, or that it erred in its conclusions, or that some matter has been discovered which was unknown at the time of hearing: *Venard* v. *Old Hickory M. & S. Co.*, ante p. 67. Where a case has been fully and fairly considered in all its bearings, a rehearing will be denied: *People* v. *Rogerson*, ante p. 233.

A rehearing is denied.

All of the Justices concurred.