## LAIRD–NORTON CO. v. HERKER *et al.*

1.  Upon a full compliance with the statutory requirements, the lien of one who furnishes materials for the erection of a dwelling house upon land previously mortgaged attaches to such building in preference to the mortgage, and under proceedings to enforce such lien the purchaser of the building at foreclosure sale may remove the same within a reasonable time thereafter. Comp. Laws, 5480.

2.  The foreclosure of a mortgage upon real property by advertisement under a power of sale does not divest a superior lien, and the only effect of a sheriff's deed thereunder is to transfer to the purchaser and grantee the interest of the mortgagor and mortgagee.

3.  A demand for excessive relief does not defeat a recovery of that to which a party is, under the pleadings and proof, found to be entitled.

(Syllabus by the court. Opinion filed Feb. 2, 1895.)

Appeal from circuit court, Spink county. Hon. A. W. CAMPBELL, Judge.

Action by the Laird-Norton Company against August Herker and others to foreclose a mechanics lien upon a certain dwelling house upon a tract of land previously mortgaged. From a judgment for plaintiff, the American Investment Company appeals. Affirmed.

The facts are stated in the opinion.
*Hassell & Myers* and *E. B. Soper* for appellant.
*N. P. Bromley*, for respondent.

FULLER, J.    This is an action to foreclose a mechanic's lien created upon a certain dwelling house situated upon a tract of land previously mortgaged by the defendant Herker to the defendant Graves, and for the construction of which plaintiff furnished all the material under a contract made and entered into immediately after the loan was negotiated, and the mortgage given to secure the same was executed and recorded, and which was subsequently, and before the commencement of this suit, foreclosed, and the premises described therein were sold by advertisement under a power of sale to the defendant the American Investment Company. The case was tried without a jury, and the court found that the mechanic's lien upon the building was prior and paramount to the lien of the mortgage, and it was adjudged and decreed that said building be sold in satisfaction of the amount due plaintiff upon its claim secured thereby. This appeal is by the defendant American Investment Company, and its counsel maintain that the decree should be reversed, because plaintiff, in its complaint, alleges that its lien upon the entire premises is superior to defendant's mortgage, and demands judgment for the foreclosure of the same, and prays that the building, and the land upon which the same is situated, be sold in satisfaction of the amount claimed to be due thereunder. As this objection was neither raised in the court below nor assigned as error, we pass the question with the observation that a demand for excessive relief does not defeat a recovery of that to which a party is found to be entitled under the pleadings and proof, and, as the complaint before us is amply sufficient to justify the claim, the contention is without merit. That plaintiff, subsequently to the execution of the mortgage, furnished all the material for the erection of the entire building, and filed its lien within the time provided by law,

is not disputed; neither is it claimed that the building cannot be removed without material injury to the mortgaged premises; but appellant's contention is that the lien upon said building, confessedly superior under the statute, was divested and cut off by the foreclosure of the mortgage by advertisement under the power of sale.   Section 5480 of the Compiled Laws is as follows:   "The lien for the things aforesaid, or work, shall attach to the buildings, erections or improvements, for which they were furnished or done, in preference to any prior lien or incumbrance, or mortgage upon the land upon which the same is erected or put, and any person enforcing such lien, may have such building, erection or improvement, sold under execution, and the purchaser may remove the same within a reasonable time thereafter."   The only effect of the foreclosure by advertisement and the execution of the sheriff's deed to appellant was to transfer to it the right and interest of the mortgagor and mortgagee, subject to plaintiff's superior lien, which remained in full force.   Wilt. Mortg. For. 814, and cases there cited. That a mechanic's lien, preferred and made paramount by statute, is not extinguished and lost by a statutory foreclosure of an inferior incumbrance under a power of sale, is too clear to admit of argument or the citation of authority.   The judgment is affirmed.