## H. C. BEHRENS LUMBER CO. v. LAGER et al. (HOME BUILDING & LOAN ASS'N et al., Interveners).

An objection to evidence that it is incompetent, without stating in what its incompetency consists, is insufficient.

An amended answer, complete in itself must be considered as if no former answer had been served, so far as the issues to be tried are concerned.

Since an unauthorized declaration of an agent does not bind the principal, unless a writing is at least presumptively the inten-

tional or authorized act of the party, it should not be received in evidence against him without preliminary proof of his responsibility for its contents.

A pleading verified by the party and containing an admission of a material fact in issue is admissible against him, though superseded by an amended pleading; but the party may controvert it by evidence and show that the admission was inserted through inadvertence, by his own mistake, or by the mistake of his attorney.

Where the original complaint is verified, it will be presumed that the answer is verified, as required by Code Civ. Proc. § 133, and, in the absence of a showing to the contrary, it will be presumed that the answer of a corporation admitted in evidence as containing an admission against it is verified by an officer authorized to bind the corporation, so that no error is committed in the admission of the answer as evidence.

Where the issue was whether a husband acted as agent of his wife, a question asked a witness as to whether he knew who the husband was acting for was proper as calling for a fact.

Where an answer is not responsive to a proper question, the remedy is by motion to strike it out.

In a suit to enforce a lien against a wife's real estate for materials furnished pursuant to an agreement with her husband, evidence held to show that the husband was the wife's agent so as to bind her.

An appellate court will not predicate error on a fact which may or may not have existed, but every reasonable presumption must be indulged to sustain the action of the trial court.

Where evidence was introduced without objection to establish a cause of action, the adverse party could not for the first time on appeal assert the absence of a proper pleading, for the defeat, if any, could be cured even in the appellate court by filing a pleading conforming to the facts established by the evidence.

Code Civ. Proc. § 696, giving a lien for labor or materials on a building under a contract with the owner or agent, one furnishing materials for a building on a married woman's land, pursuant to a contract with her husband, who acted as her agent, is entitled to a lien, whether or not the agency was disclosed to him, and whether or not he was entitled to a judgment against the husband as undisclosed principal.

Where a husband was his wife's agent and authorized to act as such in matters connected with an improvement on her land, the court could render a personal judgment against the wife for any balance due one furnishing materials for improvement under a contract with the husband.

The purpose of filing a claim for a lien under Code Civ. Proc. § 703, requiring the filing of a true account of the demand due

after allowing credit, with a correct description of the property to be charged with the lien, is to give notice, and the sufficiency of the claim in form and substance, as against a subsequent purchaser and incumbrancer, without actual notice, depends on its notice giving quality, and, where a claim complied with the statute and contained an error as to a matter which need not have been mentioned, it was sufficient to put a person on inquiry and disclosed a valid claim as against a subsequent purchaser and incumbrancer.

Under Code Civ. Proc. §§ 705, 707, giving liens for labor and materials filed under the statute priority over other liens and incumbrances, etc., a lien claim properly on file when the owner conveyed the premises attaches both to the land and the building in preference to the purchaser's title.

Under Code Civ. Proc. § 705, declaring that all liens for labor and materials shall be preferred to all other liens and incumbrances on the building and the land made subsequent to the commencement of the building, one furnishing materials for a building, the erection of which was begun prior to the execution of a mortgage, has, as against the mortgage, a prior lien, though he began to furnish materials after the execution of the mortgage.

Opinion filed, October 4, 1910.)

Appeal from Circuit Court, Brown County. Hon. FRANK McNULTY, Judge.

Action by the H. C. Behrens Lumber Company against Hattie E. Lager and others, in which the Home Building & Loan Association and another intervene. From a judgment for plaintiff and certain of the defendants, certain of the defendants and the interveners appeal. Affirmed.

See, also, 25 S. D. 139, 125 N. W. 574.

C. N. Harris and Clarence O. Newcomb, for appellants. C. R. Jorgenson, for respondent.

HANEY, J. In deciding this cause the learned circuit judge before whom it was tried stated his conclusions of law substantially as follows: That the plaintiff, the defendant Tucker, and the defendant Blanchard are each entitled to a judgment against the defendant Hattie E. Lager for $649.95, $57.68, and $66.34, respectively, with interest, costs, and disbursements; that the same is a lien upon the land described in the complaint; that the lien of the mortgage on said land executed by the defendant Hattie E. Lager to the defendant building and loan association on Octo-

ber 14, 1907, is subsequent and inferior to the lien of each of the aforesaid judgments; that the interest of the defendant Gannon, the present owner of the premises, is subsequent and subject to the lien of the aforesaid judgments; that his discharge in bankruptcy bars any recovery as against defendant Louis Lager; and that the defendants Schile, White, Crawford, Williamson, and Hattie E. Lager have no right, title, interest, or lien in, to, or upon the premises. From a judgment conforming to these conclusions and the order denying their application for a new trial, Gannon and the building and loan association appealed.

It is disclosed by the abstract that Mr. C. N. Harris, as a witness for the plaintiff, testified as follows: "I am the attorney for the Home Building & Loan Association, one of the defendants, and I think that I prepared the first answer. But that is not the answer in the case at the present time; it is the first answer prepared." Thereupon the plaintiff offered in evidence the original answer of the defendant association, which was received over the objection that it was "incompetent, irrelevant, and immaterial." It will be assumed that such answer contained this language, as stated in respondent's additional abstract: "This defendant is informed and believes, and so alleges, the fact to be upon information and belief that one Louis Lager was acting as agent for the defendant Hattie E. Lager in the construction of said house." If it did not, there is nothing to show what it contained, as it was not made a part of the original record transmitted to this court. If it did contain the alleged language, it clearly was "relevant" and "material," as it contained an admission against the defendant association tending to prove a material fact, namely, that Louis, the husband of Hattie E. Lager, was his wife's agent, authorized by her to purchase the material furnished by the plaintiff and used in the construction of her building. An objection to the evidence that it is "incompetent," without stating in what its incompetency consists, is insufficient. I., B. & W. Ry. Co. v. Cook, 102 Ind. 133, 26 N. E. 203; Weik v. Pugh, 92 Ind. 382; Stanley v. Sutherland, 54 Ind. 339; State v. Eisenhour, 132 Mo. 140, 33 S. W. 785. Moreover, the ruling of the learned circuit court would not have been erroneous even if a proper objection had been interposed.

Undoubtedly, an amended answer, complete in itself, should be considered as if no former answer had been served so far as the issues to be tried are concerned. 1 Ency. Pl. & Pr. 626. But it is quite another and different question whether a pleading which has been superseded by an amended pleading is admissible to prove an admission—a question concerning which the authorities are conflicting. Ponce v. McElvy, 51 Cal. 222; Brown v. Pickard, 4 Utah, 292, 9 Pac. 573, 11 Pac. 512; Mulligan v. Ry. Co., 36 Iowa, 181. Failure to distinguish between the effect of a superseded pleading on the issues and its effect as evidence of an admission of fact has caused the confusion; some courts seeming to have assumed, if such a pleading be considered at all, it must be considered as conclusive, whereas, it should be regarded when introduced in evidence as any other writing subject to contradiction or explanation by the party against whom it is sought to be used. When an original complaint or answer contains an admission of a material fact which a party desires to establish on a trial, there is no good reason why it should not be received in evidence as are other written declarations and admissions, leaving the opposite party the right to controvert it by evidence and show, if he can, that the declaration or admission was inserted through inadvertence by his own mistake or by the mistake of his attorney. Strong v. Dwight, 11 Abb. Prac. N. S. (N. Y.) 319.

This court, in considering the admissibility of a superseded complaint, after referring to the California cases and one in Minnesota, used this language: "In disposing of the question here presented, we go only to the extent of holding that an original superseded complaint, signed and verified by an attorney, is inadmissible as evidence against the plaintiff, in support of an issue tendered by the answer to his amended complaint, unless it is first shown clearly that the recitals thereof, sought to be used as an admission, were inserted under his personal direction, or have since knowingly received his sanction and ratification. Applying to this case the rule by which a principal is bound by the admissions or declarations of his agent, the original complaint was properly excluded." Corbett v. Clough, 8 S. D. 176, 65 N. W. 1074. In that case this court went far enough. perhaps too far; but it did

not decide that a superseded pleading always should be excluded. Of course, the unauthorized declaration or admission of an agent does not bind his principal. Unless a writing, whatever it may be, is at least presumptively the intentional or authorized act of the party against whom it is offered, it should not be received without preliminary proof of the party's responsibility for its contents. Therefore, admissibility without other evidence depends on the nature of the writing. In Corbett v. Clough, supra, it was held that a superseded complaint verified by the plaintiff's attorney should not be presumed to be the authorized act of the party. The distinction between that case and one where the pleading is verified by the party himself is apparent. A party, plaintiff or defendant, who verifies a pleading, should be presumed to have known its contents, and it should be received in evidence, subject to such explanation as the party may see fit to offer. In the case at bar, as the original complaint was verified, it should be presumed that the association's original answer also was verified. Rev. Code Civ. Proc. § 133. And, in absence of any showing to the contrary, it should be presumed, in support of the ruling of the trial court, that such original answer was verified by an officer of the association authorized to bind the corporation by his admissions. Therefore, as the record on this appeal does not affirmatively show error in the admission of the association's original answer, the ruling relating thereto must be sustained.

The contention that there was an entire failure of proof that Hattie E. Lager ever authorized her husband to represent her as her agent, or that she ever ratified his acts with reference to his dealings with the plaintiff, is not tenable. It was stipulated on the trial that Hattie E. Lager owned the land described in the complaint from a time prior to the making of all the contracts for material and labor involved in this action, and that she continued to own the same until each of the claims for liens mentioned in the judgment appealed from was filed with the clerk of courts. H. C. Behrens, an officer of the respondent corporation, was asked this question: "Do you know who Mr. Lager was acting for at the time he got this material?" To which appellants objected as "incompetent and immaterial, and that the witness has not shown himself

competent to testify, and for the further reason the relationship cannot be proven in that way." The witness answered: "Mr. Lager stated the property was in his wife's name, and he was getting the lumber for that property." The objection was properly overruled. The question was whether the witness knew a certain fact. It should have been answered either, "Yes," or "No." The answer was not responsive; but there was no motion to strike out. So the fact stands undisputed that Louis assumed to act as his wife's agent when he made the contract for the materials furnished by the plaintiff. This and other undisputed evidence shows conclusively that the plaintiff acted in good faith, and that it did not rely alone on the husband for payment. It is also undisputed that the wife on several occasions visited the building while in process of construction, and that she personally directed the payment of $250 to the plaintiff on its account while its material was being furnished. Defendant Tucker testified: "Mr. Lager always had the overseeing of the building over me during the time I was working under this (Tucker's) contract." Then, as against the association, stands the unexplained and uncontroverted admission in its original answer heretofore considered. The finding of the trial court to the effect that the plaintiff's material was furnished pursuant to a contract with the owner's agent is clearly sustained by the evidence.

The contention that the judgment in favor of defendant Tucker was erroneous for the reason he was in default, not having served or filed an answer, is not supported by the record. While no answer on his behalf appears in either abstract, both are silent as to whether one was interposed. An appellate tribunal should never predicate error upon a fact which may or may not have existed. Every reasonable presumption should be indulged to sustain the action of the trial court. Moreover, as evidence was introduced, without objection, to establish Tucker's cause of action, it is now too late for appellants to assert the absence of a proper pleading. The defect, if it were shown to exist, could be cured, even in this court, by filing an answer to conform to the facts established by the evidence.

It is contended the evidence was not sufficient to justify the decision in favor of the defendant Tucker because "the undisputed evidence shows that Louis Lager, in making the contract with A. R. Tucker, * * * made the contract as principal and not as agent"; that Tucker so dealt with and treated Louis Lager as principal. Tucker's position differs from the plaintiff's in this: When Tucker's contract was made, he supposed Louis Lager owned the realty, and in his claim for lien, filed with the clerk of courts, Louis is named as the owner, while the plaintiff knew that Hattie E. Lager was the owner and so stated in its claim for lien. But the difference is not material. It is not claimed, nor was there any evidence to prove that Tucker waived his right to a lien by giving exclusive credit to Louis Lager. He was entitled to a lien if his contract was with the owner of the realty or with her agent. Rev. Code Civ. Proc. § 696. His contract was with Louis Lager. If Louis was in fact his wife's agent, Tucker was, by the plain terms of the statute, entitled to a lien whether or not such agency was disclosed, and he was entitled to a judgment against Louis' undisclosed principal. It clearly appears from all the evidence that Louis was his wife's agent, and that he was authorized to act as such in respect to all matters connected with the improvement of the land described in the complaint. This being so, the court did not err in rendering a personal judgment against Mrs. Lager for the balance due to Tucker, and the question arises whether the latter established his lien as against the defendants Gannon and the building and loan association. The statute reads thus: "Every person, except as has been provided for subcontractors, who wishes to avail himself of the provisions of this chapter may file with the clerk of the circuit court of the county or judicial subdivision in which the building, erection or other improvement to be charged with the lien is situated, and within four months after all the things aforesaid shall have been furnished or the labor done, a just and true account of the demand due him after allowing all credits and containing a correct description of the property to be charged with said lien and verified by affidavit." Rev. Code Civ. Proc. § 703. The primary purpose of the filing of a claim for mechanic's lien under this section being to give notice, the suffi-

ciency of such claim in form and substance, as against subsequent purchasers and incumbrances, without actual notice, depends upon its notice giving quality. Laird-Norton Co. v. Hopkins, 6 S. D. 217, 60 N. W. 857. The statute does not require that the claim or demand filed with the clerk shall state the name of the owner of the realty. Lumber Co. v. Children of Israel, 7 N. D. 46, 73 N. W. 203. The essential things are a just and true account of the demand due after allowing all credits and a correct description of the property to be charged with the lien. Tucker's claim complied strictly with the statute in all these respects. It was filed within four months after the labor was done and before the realty was conveyed by the defendant Hattie E. Lager. The land was correctly described. The claim as filed, though it contained an error in respect to a matter which need not have been mentioned, was certainly sufficient to put a person of ordinary prudence upon inquiry, and inquiry would have disclosed a valid claim against the property. Laird-Norton Co. v. Hopkins, supra. "Superfluity does not vitiate." Rev. Civ. Code, 2436. Subsequent purchasers and incumbrancers had record notice of every fact required by the statute. The interest acquired by defendant Gannon was subject to defendant Tucker's lien.

Appellants contend: "The court erred in rendering judgment in favor of F. A. Blanchard in this: That no evidence was introduced on the part of F. A. Blanchard to sustain his case. The stipulation is the only statement in the record showing what rights, if any, F. A. Blanchard might have, and this stipulation only admits that he made a contract with Louis Lager, and upon this showing no judgment can be sustained foreclosing his lien upon this property." This contention must be disregarded. It does not point out any particular in which the stipulation is deficient. Moreover, the only specifications of the particulars wherein the evidence is insufficient to justify the decision, so far as it relates to Blanchard's cause of action, found in the bill of exceptions or statement of the case, are as follows: "(4) The undisputed evidence shows that F. A. Blanchard, one of the defendants, in making the contract with Louis Lager, dealt with and only knew him as principal and not otherwise. * * * (10) The undisputed evidence shows

that the plaintiff and the defendants A. R. Tucker and F. A. Blanchard acted on the representations and statements of Louis Lager alone, and that neither of them knew or had any dealings with Hattie E. Lager." Both present but one alleged defect, namely, Blanchard's want of knowledge of Hattie E. Lager's ownership, an immaterial matter as heretofore shown, provided Louis was in fact his wife's agent in relation to the construction of her building, a fact clearly established by the evidence.

The only remaining question is whether the trial court erred in concluding that the mechanic's lien should attach to both the realty and the building erected thereon in preference to the interest of defendant Gannon and the lien of the association's mortgage. The material provisions of the statute in this respect are as follows: "All liens for labor done and things furnished claimed and filed under the provisions of this article shall have priority over and be preferred to all other liens and incumbrances which may be attached to or upon such building, erection or other improvement and to the land upon which the same is situated, or either of them, made subsequent to the commencement of the building or other improvement." "The lien for the things aforesaid, or work, shall attach to the buildings, erections or improvements, for which they were furnished or done, in preference to any prior lien or incumbrance, or mortgage upon the land upon which the same is erected or put, and any person enforcing such lien, may have such building, erection or other improvement, sold under execution, and the purchaser may remove the same within a reasonable time thereafter." Rev. Code Civ. Prof. §§ 705, 707. As the lien claims were on file when Hattie E. Lager conveyed the premises to Williamson and when he conveyed to Gannon, it is clear they should attach to both the land and the building in preference to the latter's subsequently acquired title. It is equally clear that they should attach to the building in preference to the lien of the association's mortgage. Laird-Norton Co. v. Herker, 6 S. D. 509, 62 N. W. 104. The mortgage was executed October 14 and recorded November 4, 1907. The building was commenced October 6, 1907. It is true the plaintiff did not begin furnishing material until after the mortgage was executed; but that is im-

material. The language of the statute is plain and unambiguous. It declares that all liens for labor done and things furnished shall be preferred to all other liens and incumbrances upon the building and the land "made subsequent to the commencement of the building or other improvement." The association's mortgage was made subsequent to the commencement of the building. Therefore, all the mechanic's liens attach to both the building and the land in preference to the lien of the mortgage. The statute admits of no other interpretation. It rests on the reasonable assumption that an ordinarily prudent person who accepts a mortgage on land whereon a building is being erected will take notice of the fact and properly protect himself against claims for labor and material furnished for the construction of such building.

The judgment and order appealed from are affirmed.

McCOY, J., taking no part in this decision.