HESTER, RESPONDENT, v. WESTERN LIFE & ACCIDENT
CO., APPELLANT.

(No. 5,176.)

(Submitted April 28, 1923.   Decided May 14, 1923.)

[215 Pac. 508.]

*Accident Insurance — Payment of Premium — Erroneous Admission in Original Answer—Amended Pleading—Explanatory Evidence—Admissibility.*

Pleading—Amendment—Erroneous Admission of Fact in Original Pleading—Explanatory Evidence—Admissibility.
  1.   An amended pleading supersedes the original one and the latter thereupon becomes *functus officio* and is no longer binding upon the pleader, and the superseded pleading if introduced in evidence is no more than a declaration of the party and as such subject to any explanation which may be made thereof.

Same—Case at Bar.
  2.   In an action on an accident insurance policy in which the defense was nonpayment of premium, plaintiff introduced in evidence the original answer of defendant which admitted payment. On the day of the trial defendant had filed an amended answer which denied payment of premium, and in its own case sought to prove by the attorney who drew the original complaint that it was drafted under a misapprehension of the facts, which evidence was excluded. *Held,* under the above rule, that exclusion of the explanatory evidence was prejudicially erroneous.

Evidence—Admissibility for One Purpose not Affected by Inadmissibility for Some Other Purpose.
  3.   When an evidentiary fact is offered for one purpose, and becomes admissible by satisfying all the rules applicable to it in that capacity, it is not inadmissible because it does not satisfy the rules applicable to it in some other capacity.

*Appeal from District Court, Silver Bow County; Joseph R. Jackson, Judge.*

ACTION by Margaret Hester against the Western Life & Accident Company of Denver, Colorado, *alias* the Western Life & Casualty Company of Colorado.   Judgment for plain-

_____

1.  Admissibility of original pleadings as admissions against interest, or to show that allegations in amended pleading were afterthought, see notes in 14 **A. L. R.** 65, 108.

tiff and defendant appeals. Reversed and remanded, with directions.

*Mr. Joseph H. Griffin* and *Messrs. Frank & Gaines,* for Appellant, submitted a brief; *Mr. R. F. Gaines* argued the cause orally.

"Generally averments or admissions in pleadings subsequently withdrawn, abandoned or stricken out, are not conclusive against the pleader. So a party is not concluded in respect to amended pleading by an allegation or admission in the original pleading, but such admissions may be introduced in evidence against the pleader, subject to contradiction or explanation." (31 Cyc. 91; *Lane* v. *Choctaw etc. Co.,* 19 Okl. 324, 91 Pac. 883; *Letcher* v. *Maloney* (Okl.), 172 Pac. 972; *Behrens Lumber Co.* v. *Lager,* 26 S. D. 160, Ann. Cas. 1913A, 1128, 128 N. W. 698; *McClure* v. *G. W. A. Co.,* 141 Iowa, 350, 118 N. W. 269; *United etc. Co.* v. *McEwan Brothers Co.* (N. J.), 76 Atl. 550.)

*Mr. A. G. Shone* and *Messrs. Maury & Melzner,* for Respondent, submitted a brief; *Mr. Shone* argued the cause orally.

The question raised by appellant is answered by the court in the opinion in *Johnson* v. *Butte & Superior Copper Co.,* 41 Mont. 158, 48 L. R. A. (n. s.) 938, 108 Pac. 1057. When the point was new in Montana the writer went to great pains, months of diligent labor reviewing the decisions of other states; collecting and analyzing. The court gave the matter grave consideration and found in favor of our contention. The decision rendered was in accord with a settled policy of holding to the substance of things and refusing to permit a pleader to hide behind forms. We are not going to show any disrespect for this court and its announcement of the settled law by citing any other authority. We rest our case on one book; the opinion found in that book. That opinion is partly explained by the brief of counsel summarized in that book.

MR. COMMISSIONER BENNETT prepared the opinion
for the court.

This action was instituted by plaintiff, Margaret Hester,
the beneficiary under a policy of insurance against accident
and death by accident, issued to William J. Blake during his
lifetime, by defendant, Western Life & Casualty Company, a
corporation, to recover upon the policy for the death of the
insured resulting from an accident occurring September 27,
1917.

Among the allegations the complaint contained the following
paragraph: "That on the twenty-eighth day of February, 1916,
the said defendant, the Western Life & Accident Company
of Denver, Colorado, in consideration of the payment by one
William J. Blake to said defendant corporation of a certain
policy fee, and the further payment of the monthly premium
of $2.70, thereafter to be paid on or before the twenty-eighth
day of each month thereafter in advance to the defendant
which said policy fee and monthly premium were and have
been fully paid in accordance with the contract, the said de-
fendant, the Western Life & Accident Company, otherwise
known as the Western Life & Casualty Company of Denver,
Colo., did insure the said William J. Blake, and did agree to
pay to his beneficiary, the plaintiff, Margaret Hester, herein,
the principal sum of $700, in the event said William J. Blake
received personal bodily injury causing within sixty days of
the happening of the accident or injury the loss of life. A
true copy of the policy, the contract provided for such insur-
ance so made, executed and delivered to the said William J.
Blake, is hereto attached marked Exhibit A, and is made a
part of this complaint as fully as though set forth at length
herein."

On the day of the trial defendant filed an amended answer
[1, 2] which put in issue the question as to whether or not
the policy was in effect on the day of the accident. As the
case was sent to the jury the sole issue for their determination
was whether or not premium payments had been made within

the time specified in the policy, upon which issue depends the
liability or nonliability of the company. Plaintiff's proof as
to the payment consisted solely of an admission of the allega-
tions of the paragraph of the complaint set out above, which
admission was contained in the original answer filed by de-
fendant, and which was received in evidence over defendant's
objection. On its own case defendant sought to overcome what
the court had held to be the effect of the admission by ex-
plaining the circumstances under which it was made. This
was attempted by calling the attorney for plaintiff, who had
commenced the action and the attorney for defendant, who
had drawn and verified the original answer. Practically none
of the offered testimony of these witnesses was admitted. The
case was submitted to the jury, and a verdict returned in
favor of plaintiff. A motion was made for a new trial, which
was denied. Defendant thereupon appealed from the judg-
ment.

There are eight specifications of error, which, however, we
group under four heads for discussion. They are: (1) Error
in admitting in evidence the portion of the original answer;
(2) error in excluding testimony offered by defendant as to
knowledge on the part of plaintiff's attorney that defendant
claimed that the policy was not in effect at the time of the
accident by reason of a delayed premium payment; (3) error
in excluding testimony by way of explanation of the drafting
of the original answer; (4) insufficiency of the evidence to
support the verdict and judgment.

The determination of the first of these propositions would
necessitate a construction of the entire original answer, and,
since we have before us only one paragraph thereof, we are
not in a position to pass upon the question presented.

We see no error in the ruling of the trial court in sustain-
ing the objections to the testimony of plaintiff's counsel as to
his knowledge of defendant's claims. The offer of proof
clearly discloses that the action was not commenced at the
time the information reached the attorney, and we do not see

how the testimony could in any manner explain the admission, if such it be, of the answer.

On the other hand, it was clearly error for the trial court to refuse to permit the attorney for defendant to explain how he came to frame the answer in such a way as to leave it open to an implication that it admitted the payment. The amended answer having been filed, it superseded the original answer, which thereupon became *functus officio* and was no longer binding upon the defendant. (*Berne* v. *Stevens, ante,* p. 254.) The logic of this situation, therefore, leads us to the conclusion that a superseded pleading is only admissible in evidence as a declaration of a party. When such evidence is admitted, it is subject to any explanations which may be made thereof. (*Letcher* v. *Maloney* (Okl.), 172 Pac. 972; *Behrens Lbr. Co.* v. *Lager,* 26 S. D. 160, Ann. Cas. 1913A, 1128, 128 N. W. 698.) The language of this court in the case of *Weatherman* v. *Reid,* 62 Mont. 522, 205 Pac. 251, shows that in a proper case the rule is applicable in this jurisdiction. In passing upon the effect of an admission in a pleading which was still a portion of the records of the case and had not been superseded as in the case at bar, the court there said: "No effort was made by the plaintiff to amend his complaint, either before or after he had thus testified on cross-examination. Neither did he attempt to show that the allegation in the complaint was made inconsiderately by mistake or inadvertence." Certainly, when an explanation is properly offered of the only evidence on which a jury could possibly find a verdict, it is prejudicial to exclude it.

Plaintiff at the trial seemed to place much reliance on the [3] objection to this offered evidence in explanation claiming that it called for hearsay testimony. We wish to point out that whatever hearsay might have been adduced was not admissible as proof of the fact which may have been called to the attention of the pleader. It was, however, competent by way of showing what information he may have had on which to draft the pleading, as one of a possible chain of explanatory

circumstances.  It is said in 1 Wigmore on Evidence, page 42: "When an evidentiary fact is offered for one purpose, and becomes admissible by satisfying all the rules applicable to it in that capacity it is not inadmissible because it does not satisfy the rules applicable to it in some other capacity. * * * "

Since in our opinion a new trial should be granted, we refrain from discussing the specification as to the insufficiency of the evidence to support the verdict and judgment.

We recommend that the judgment be reversed and the cause remanded to the district court, with directions to grant a new trial.

PER CURIAM: For the reasons given in the foregoing opinion, the judgment appealed from is reversed and the cause remanded to the district court, with directions to grant a new trial.

<em>Reversed and remanded.</em>