KLUS, RESPONDENT, *v.* LAMIRE, APPELLANT.

(No. 5,541.)

(Submitted September 22, 1924, Decided November 8, 1924.)

[230 Pac. 364.]

*Conversion—Complaint—Sufficiency—Excessive    Verdict—Conflict in  Evidence—Appeal—New  Trial—Discretion.*

Conversion—Ownership of Chattels—Complaint—Sufficiency.
   1.  In conversion an allegation of the complaint that plaintiff was the owner of the chattels on the day on which levy under execution was made by defendant constable was equivalent to an averment of ownership at the time of the conversion and sufficient on the subject of ownership.

Same—Complaint—Date on Which to Lay Damages.
   2. Plaintiff in an action in conversion may, by waiving interest, elect any date between that of the conversion and the date of the trial on which to lay his damages.

Same—Complaint—Value—Sufficient Allegation.
   3.  Where plaintiff in an action in conversion had waived interest and special damages pleaded, an allegation in his complaint that

[71 Mont. 445.]

the reasonable value of the property taken was a given sum and that plaintiff was damaged to that extent, sufficiently alleged value.

Same—When Verdict not Excessive.

4. A verdict for $300 in an action for conversion *held* not open to the charge that it was excessive as given under the influence of passion and prejudice, where competent testimony was introduced that the value of the chattels was $305 at the time of the taking.

Appeal—Conflicting Evidence—New Trial—When Refusal not Disturbed on Appeal.

5. Where the evidence is conflicting the sound legal discretion of the trial court in granting or refusing a new trial will not be disturbed except for its manifest abuse.

*Appeal from District Court, Cascade County; H. H. Ewing, Judge.*

ACTION by K. J. Klus against P. E. Lamire. Judgment for plaintiff and defendant appeals from it. Affirmed.

*Mr. G. G. Harris,* for Appellant, submitted a brief and argued the cause orally.

*Mr. Ralph E. Bancroft,* for Respondent, submitted a brief and argued the cause orally.

MR. JUSTICE RANKIN delivered the opinion of the court.

This is an action in conversion. Plaintiff alleges in substance that on the twenty-fourth day of March, 1923, she was the owner and in possession of a team of horses of the value of $300, which on that day was wrongfully seized and converted by the defendant, a constable. The plaintiff asked damages for $300, without interest, and, in addition, special damages for the use of the horses. The answer sets forth that John Klus, the husband of plaintiff, is the owner of the horses; that Frank M. Wallace recovered a judgment against him, and that the team was sold by virtue of an execution based upon it. There is a denial that the property was of any greater value than $200. The case was tried before the court sitting with a jury and a verdict returned for $300, for which

judgment was entered.  A new trial was denied, and defendant appealed from the judgment.

The defendant challenges the sufficiency of the complaint [1] because it fails to allege that plaintiff was the owner and entitled to the possession of the team of horses at the time of the conversion.  It is alleged that plaintiff was the owner on the twenty-fourth day of March, 1923, the day the levy was made.  This court has decided that the law ordinarily takes no notice of fractions of a day and that such an allegation is equivalent to an allegation of ownership at the time of the conversion.  (*O'Brien* v. *Quinn*, 35 Mont. 441, 90 Pac. 166.)

Fault is also found with the complaint because it fails to [2, 3] allege the value of the property at the time of the conversion.  It is alleged "that the reasonable value of said property so taken and converted by said defendant is the sum of $300," and that plaintiff was damaged to that extent.  This court has decided that under section 8689 of the Revised Codes of 1921 a plaintiff in an action for conversion may, by waiving interest, elect any date between the date of the conversion and the date of the trial on which to lay his damages.  (*State ex rel. Broadwater Farms Co.* v. *Broadwater Elevator Co.*, 61 Mont. 215, 201 Pac. 687.)  By her complaint in the case before us the plaintiff sought the highest market value between the date of conversion and trial; but after the jury had been sworn her attorney waived the special damages pleaded and without objection elected to accept the value of the horses at the time of their conversion, without interest.  In the case of *Williams* v. *Gray*, 62 Mont. 1, 203 Pac. 524, this court decided that an allegation of damages is a sufficient allegation of the value of property alleged to have been converted, and said, "When the pleader states the amount of his damages, he has by the presumptions stated in the statute given his estimate of the value at the date of conversion," and, further, that "a complaint containing such allegations is sufficient as to its statement of value."  Under the foregoing rules, the allega-

tions of the complaint as to the value of the property were sufficient.

Defendant contends that the damages are excessive and [4] appear to have been given under the influence of passion and prejudice. The rule applicable is forcibly stated in the case of *White* v. *Chicago, M. & St. P. Ry. Co.,* 49 Mont. 419, 143 Pac. 561, wherein the court said: "So long as we have a system which confides to juries the duty to determine the issues involved in this character of cases and to fix the amount of compensation to be paid, unless the result of their deliberation is such as to shock the conscience and understanding, it must be accepted as conclusive." The record before us contains competent evidence that the value of the horses on the date of their conversion was $305, and while the evidence of value is conflicting there is nothing in the record to disclose that the jury was influenced by passion and prejudice in arriving at its verdict.

The principal ground upon which defendant asks for a [5] reversal is that the evidence is insufficient to sustain the verdict. His counsel insists that plaintiff's testimony is so unconvincing, contradictory and inherently weak that a new trial should be ordered. With this we cannot agree. The evidence is admittedly conflicting, and under such circumstances this court must be convinced that there is no substantial evidence to support the verdict before it will interfere with it. The trial court having observed the witnesses on the stand, their demeanor, their candor or lack of it, was in a much more advantageous position to judge of their credibility and whether there was sufficient evidence to sustain the verdict, than are the members of this court. It is the rule, universally recognized and applied, that when the evidence is conflicting the sound legal discretion of the trial court in granting or refusing to grant a new trial will not be disturbed except for its manifest abuse. (*Fournier* v. *Coudert,* 34 Mont. 484, 87 Pac. 455.) "So long as the jury is a part of our judicial system, the verdict in an action at law ought not to be set aside, ex-

rept for the most cogent reasons; otherwise the constitutional guaranty of a right to trial by jury becomes a mere idle phrase—high sounding, but without any potency whatever.'' (*Sutton* v. *Lowry,* 39 Mont. 462, 473, 104 Pac. 545.)

We think the evidence sufficient to present an issue of fact for the jury, and, it having found for plaintiff and the trial court having denied a new trial after a review of the proceedings, we would not be justified in interfering with the judgment.

The judgment is affirmed.

*Affirmed.*

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES HOLLOWAY, GALEN and STARK concur.