GARDINER, RESPONDENT, *v.* ECLIPSE GROCERY CO., APPELLANT.

(No. 5,625.)

(Submitted February 20, 1925.   Decided March 17, 1925.)

[234 Pac. 490.]

*Partnerships—Action—Parties—Work and Labor—Recovery of Wages—Costs—Attorneys' Fees—Amended Pleadings—Admissions—Admissibility in Evidence—Trial—Directed Verdicts—New Trial.*

Partnership—Action Against, Under Common Name—Statute.
  1.   Section 9089, Revised Codes of 1925, providing that where two or more persons are transacting business under a common name they may be sued under such name, *held* applicable to a partnership.

Pleadings—Amendments—Admissions—Admissibility in Evidence.
  2.   While an amended or superseded pleading becomes *functus officio* as a pleading and the pleader is not bound by admissions contained in it, they may nevertheless be admitted in evidence

---

  2.   Admissibility of abandoned pleading as evidence against pleader, see notes in 18 **Ann. Cas.** 83; **Ann. Cas.** 1913C, 1132.

as declarations against interest in the same manner as other declarations made out of court, subject to explanation or contradiction.

Trial—Members of Partnership Sued Under Common Name not Parties to Action—Right to Object to Evidence.

3. Individual members of a partnership sued under a partnership name are strangers to the action and as such may not object to the admissibility of evidence.

Appeal and Error—Trial—Question not Answered—Assignment of Error not Considered.

4. An assignment of error based upon the propounding of a question which remained unanswered does not merit consideration; where, however, the mere asking of the question is prejudicial, the court's admonition to the jury to disregard the matter renders it harmless.

Trial—Directed Verdict—When Motion Properly Granted.

5. On motion for a directed verdict by defendant every fact will be deemed proved which the evidence tends to prove, and where the evidence is sufficient to warrant recovery in some amount such motion can only be granted when the conclusion necessarily follows as a matter of law that a recovery by plaintiff could not be sustained on any competent theory for at least nominal damages.

Same—Conflict in Evidence—Instruction in Effect Directing Verdict —Proper Refusal.

6. Where the evidence on the question whether defendant partnership was or was not in existence on a certain date was in conflict, such conflict was for the jury's determination, hence an offered instruction that the jury should not consider anything that occurred prior to such date would have been an invasion of the province of the jury and was therefore properly refused.

New Trial—Refusal—When Supreme Court will not Interfere.

7. A trial court cannot be put in error for denying a motion for new trial on a matter not brought to its attention in the notice of motion.

Same.

8. In the district court is lodged a sound legal discretion to grant or refuse a new trial in a case where the evidence is conflicting, and its action will not be disturbed on appeal except for a manifest abuse of discretion.

Work and Labor—Action to Recover Wages—Attorney's Fee Allowable as Part of Costs Without Pleading or Proof.

9. In an action to recover wages due, the plaintiff, if successful, is entitled to a reasonable attorney's fee as a part of the costs (sec. 3089, Rev. Codes 1921) without being required to either plead or prove such item.

*Appeal from District Court, Silver Bow County; Frank W. Haskins, Judge pro tem.*

---

6. What is invasion by court of province of jury, see note in 14 Am. St. Rep. 36.

9. Validity of statute allowing taxation of attorney's fees in action for personal services, see note in 17 Ann. Cas. 282.

ACTION by George Gardiner against the Eclipse Grocery Company. Judgment for plaintiff and defendant appeals. Affirmed.

*Messrs. Lamb & Malloy* and *Mr. N. A. Rotering,* for Appellant, submitted a brief; *Mr. Dan T. Malloy* and *Mr. Rotering* argued the cause orally.

*Mr. A. G. Shone,* for Respondent, submitted a brief and argued the cause orally.

MR. JUSTICE MATTHEWS delivered the opinion of the court.

This is an appeal from the judgment in an action instituted by respondent to recover on *quantum meruit* for services alleged to have been performed at the special instance and request of appellant company during the period commencing on the first day of April and ending on the ninth day of August, 1919.

The first paragraph of the complaint alleges "that on the first day of April, 1919, and for a long time prior thereto, Carr Thomas, Nicholas Berchem and Frank Reardon were and now are copartners, doing business under the common name of Eclipse Grocery Company," *etc.* The alleged copartners were not made parties defendant in the action, and service was had on Reardon only.

Appellant answered, admitting the allegations of paragraph 1 of the complaint, and denying all other allegations thereof. This answer was verified by Reardon. Before the trial appellant, on leave of court granted, filed its amended answer, denying generally all of the allegations of the complaint.

The cause was tried before Honorable Frank W. Haskins as judge *pro tempore.* Appellant objected to the introduction of any evidence on the grounds that the complaint did not state facts sufficient to constitute a cause of action, and "fatal nonjoinder of parties defendant." The objection was overruled.

After the introduction of other evidence tending to prove that the three associates named were transacting business under the common name during all of the period mentioned, respondent offered in evidence the first paragraph of his complaint and the admission of its allegations contained in the original answer, to which offer an objection was duly interposed and overruled and such portions of the pleadings admitted. Later, counsel for appellant moved, on behalf of Thomas and Berchem alone, to strike the exhibits as to them, which motion was denied.

On cross-examination of a witness for appellant, counsel for respondent asked the witness the question, "You are the official bouncer, are you not?" On objection the question was withdrawn, and, on request of counsel for each party to the action, the court admonished the jury to disregard the remark.

The jury returned a verdict for the full amount prayed for, and judgment was duly entered thereon. Respondent filed his memorandum of costs in which appeared, for the first time, the item "Attorney's fees, A. G. Shone, $200." Appellant moved to tax the costs by striking this item, upon the ground that it is not predicated upon either pleading or proof, and, without waiving this point, moved for a reduction of the amount as unreasonable. On hearing the motion the court reduced the award to $100, and denied the motion to strike the item from the memorandum.

Appellant thereafter moved for a new trial on the ground of the "insufficiency of the evidence" to justify the verdict and judgment. In denying the motion the court commented upon the province of the court and jury.

Counsel for appellant assign error on each of the rulings indicated above: On the question propounded to the witness quoted, on the court's refusal to give its offered instructions A and H, on the allowance of an attorney's fee, and on "giving and making" a judgment for $504.85 and interest. Appellant also contends that the court erred, not in denying its motion for a new trial, but in "refusing to pass upon the sufficiency of the evidence to warrant the verdict and judgment."

1. Appellant does not contend that the complaint herein does [1] not contain allegations of fact sufficient to constitute a cause of action aside from the title of the action, but asserts that the complaint is fatally defective in that it fails to join the persons alleged to be copartners as parties defendant, and contends that, as it is alleged that they were copartners, they could only be sued as such and not by their business name. Counsel cite neither statute nor authority for this contention.

Section 9089, Revised Codes of 1921, provides: ''When two or more persons, associated in any business, transact such business under a common name, whether it comprise the names of such persons or not, the associates may be sued by such common name, the summons in such cases being served on one or more of the associates; and the judgment in the action shall bind the joint property of all the associates, in the same manner as if all had been named defendants, and had been sued upon their joint liability.''

The applicability of the section to a suit against a copartnership has never been decided, or in fact questioned, in this court. It has been declared, however, that the section does not apply to an action by copartners as parties plaintiff. (*Doll* v. *Hennessy Mercantile Co.*, 33 Mont. 80, 81 Pac. 625.) That this is so is clear from the wording of the statute, but the fact that the court considered the section at all in connection with a copartnership indicates that the court there considered the section as dealing with such associations, when the facts bring the case within the provisions of the statute.

Section 7981, Revised Codes of 1921, defines partnership as follows: ''Partnership is the association of two or more persons, for the purpose of carrying on business together, and dividing its profits between them.'' This definition follows closely the wording of section 9089, but narrows its scope to those associations in which the members share in the profits of the enterprise.

Two or more persons may be associated in business without an agreement to share in the profits; such an association is not

a partnership. (*Croft* v. *Bain,* 49 Mont. 484, 143 Pac. 960.)
And such an association, if it transacts business under a common name, may be sued by that name. (*Vance* v. *McGinley,* 39 Mont. 46, 101 Pac. 247.) But the fact that an association of two or more persons, which does not fall within the definition of a partnership, may be sued, does not preclude an action against a partnership which transacts business under a common name, and thus falls within the provisions of the statute, unless by some statutory provision a different rule is laid down. We have no other provision on the subject.

California has an identical statute under which it has been held that a copartnership comes clearly within the provisions of the statute. (Sec. 388, Kerr's Cal. Code Civ. Proc.; *Harrison* v. *McCormick,* 69 Cal. 616, 11 Pac. 456; *John Bollman Co.* v. *Bachman & Co.,* 16 Cal. App. 589, 117 Pac. 690, 122 Pac. 835; *Asbestos Mfg. Co.* v. *Lenning-Rapple Engineering Co.,* 26 Cal. App. 177, 146 Pac. 188; *Artana* v. *San Jose Scavenger Co.,* 181 Cal. 625, 185 Pac. 850.) In *John Bollman Co.* v. *Bachman & Co.,* the court said: "For the purposes of bringing suit under section 388, Code of Civil Procedure  *  *  *  a copartnership, we think, must be considered to be a legal entity distinct from its individual members.  *  *  *  While it is true that the section says the *associates may be sued* by such common name, the whole section indicates that the action in substance is an action against the associates as such and not against the individuals. The section recognizes the association, or, as in this case, the copartnership, as a distinct entity, against which the partnership obligation may be enforced. In an action brought as this was, the partnership is the only defendant."

An action, under such circumstances as are shown in the complaint under consideration might be brought either against the individuals comprising the partnership, or against the partnership under its common name. Respondent elected to pursue the latter course, and no error was committed in overruling the objection to the introduction of testimony.

72 Mont.—35

2. Appellant insists that its objection to the introduction of a
[2]  part of the superseded answer should have been sustained.

While an amended or superseded pleading is *functus officio*
as a pleading, and the party is not bound by admissions con-
tained in the pleading which has thus been superseded (*Berne*
v. *Stevens,* 67 Mont. 254, 215 Pac. 803), such admissions may
nevertheless be admitted in evidence, as declarations against the
interest of the party making them, in the same manner as any
other declaration made out of court, and subject to the same
contradiction and explanation. (31 Cyc. 91, and cases there
cited.)  See, also, *Hester* v. *Western Life Ins. Co.,* 67 Mont.
286, 215 Pac. 508, where this court said: "The logic of this
situation, therefore, leads us to the conclusion that a superseded
pleading is only admissible in evidence as a declaration of a
party.  When such evidence is admitted, it is subject to any ex-
planations which may be made thereof."

3. Whatever the effect of the admission thus made in evi-
[3]  dence, Thomas and Berchem were in no position to move
the striking thereof as to them; "the partnership is the only
defendant" (*Bollman Co.* v. *Bachman & Co., supra*) ; they were
but witnesses for the defendant, and strangers to the action.

4. Appellant assigns as error the propounding of a question
[4]  on cross-examination, set forth above, which, counsel con-
tend, tended to prejudice the jury.  The record discloses that
the question was never answered.  "Such an assignment, based
on a question which elicits no prejudicial answer, will not be
considered." (*Matusevitz* v. *Hughes,* 26 Mont. 212, 68 Pac.
467.)  And, if otherwise prejudicial, no error was committed,
as the court admonished the jury to disregard the matter.

5. Appellant's offered instruction A was for an instructed ver-
[5]  dict.  The offer was, in effect, a motion for a directed ver-
dict.  In this connection it is sufficient to say that there was
sufficient evidence, if believed by the jury, to warrant a verdict
in some amount; on such a motion "every fact will be deemed
proven which the evidence tends to prove, and such direction
can only be given when the conclusion necessarily follows as a

matter of law that a recovery could not be sustained on any competent theory for at least nominal damages.'' (*Long* v. *Davis*, 68 Mont. 85, 217 Pac. 667.)

6. Appellant's offered instruction H reads as follows: ''You **[6]** are instructed that you must not consider anything that occurred prior to the sixth day of May, 1919, so far as the defendant Eclipse Grocery Company is concerned.''

The company was, as heretofore shown, the only defendant in the case. Respondent had testified that he worked for the ''Eclipse Grocery Company'' from April 1st to the 9th of August 1919; that he was employed by Reardon on April 1, and that the other associates were at the place of business the following day and at divers times thereafter, and sometimes gave him orders which he obeyed, whether before or after May 8 does not appear. Neal Reardon, a brother of Frank Reardon, testified that in 1918 his brother wrote him, while he was in England, to the effect that he had formed a partnership with Thomas and Berchem. Further, the admission of the defendant, the partnership, contained in the original answer, with such explanation thereof as was made, was before the jury, as well as some testimony corroborative of respondent's statement as to his employment on the first day of April, 1919. On the other hand, the testimony on the part of appellant was emphatic that no partnership existed prior to the filing of articles of partnership on the sixth day of May, 1919. This conflict in the testimony raised a question for the jury to determine, and the giving of the offered instruction would have been an invasion of the province of the jury.

7. For the first time appellant raises the question of the excessiveness of the verdict here; no objection was interposed on this ground in the court below, no instruction offered covering the amount shown to be due under the proof, other than the last mentioned, and the notice of motion for new trial did not include subdivision 5 of section 9397, Revised Codes of 1921.

The evidence, as heretofore pointed out, was conflicting as to when the associates commenced to transact business under the "common name." Counsel contend that the filing of articles of copartnership and certificate of "fictitious name" under sections 8019 and 8020, Revised Codes, controls, but the associates may have been conducting the business long prior to such filing; the record contains testimony that such was the fact and the, jury evidently believed that it was true. We are, therefore, again confronted with a conflict in the evidence, resolved by the jury in favor of respondent, and therefore conclusive upon this court. (*Lappin* v. *Martin,* 71 Mont. 233, 228 Pac. 763.)

Counsel point out other particulars in which it is said the
[7] evidence did not warrant the award of the full amount of the verdict; had these matters been presented to the trial court on the motion for a new trial, if counsel's deductions are correct, a different result might have been reached, but the trial court cannot be put in error, on its order denying the motion for a new trial, on matters not brought to its attention by the notice of motion. (*Bliss* v. *Wolcott,* 40 Mont. 491, 135 Am. St. Rep. 136, 107 Pac. 423.)

8. Counsel assert that "under a mistaken notion that it had
[8] no authority to consider the merits of the question [of the sufficiency of the evidence to warrant the verdict] because the evidence 'was flatly contradictory,' the court refused to rule on the merits of the motion" for a new trial. This assertion is made upon the following statement contained in the court's order overruling the motion: "The evidence in the case was flatly contradictory. We do not understand that under such circumstances the court might substitute its conclusions for those of the jury if it disagreed with the jury. The jury certainly must have some function to perform in the trial of a case; * * * the jury believed, apparently, the testimony of the witnesses for the plaintiff. The motion for a new trial will therefore be denied."

It is conceded that there was a substantial conflict in the testimony; the court did not intimate that it disagreed with the

conclusions reached by the jury. Its statement is little more than a paraphrasing of the declaration of this court that:

"So long as the jury is a part of our judicial system, the verdict in an action at law ought not to be set aside, except for the most cogent reasons; otherwise the constitutional guaranty of a right to trial by jury becomes a mere idle phrase—high-sounding, but, without any potency whatever." (*Sutton* v. *Lowry,* 39 Mont. 462, 104 Pac. 548; *Klus* v. *Lamire,* 71 Mont. 445, 230 Pac. 364.)

"In the district court is lodged the sound legal discretion to grant or refuse a new trial in a case where the evidence is conflicting." (*McVey* v. *Jemison,* 63 Mont. 435, 207 Pac. 633; *Fournier* v. *Coudert,* 34 Mont. 484, 87 Pac. 455.)

But, as declared in the cases above cited, "its action in the premises will not be disturbed on appeal except for manifest abuse of discretion." (See, also, *Kelly* v. *City of Butte,* 43 Mont. 451, 117 Pac. 101; *Welsh* v. *Nichols,* 41 Mont. 435, 110 Pac. 89.) In the latter cases it is held that, on a general order either granting or refusing a new trial, the order will be sustained if there is a substantial conflict in the evidence, " 'for in such case, unless the order expressly excludes the ground of insufficiency of the evidence, *it will be presumed* that the court, in the exercise of its discretionary power, granted the motion because it was of the opinion that the evidence was insufficient to justify the finding of the jury.' * * * The same rule applies to an order denying as to one granting a motion," *etc.* Here the court did not "expressly exclude" this ground, but recited in its order that it was the only ground urged.

In *Love* v. *McDonnell,* 65 Mont. 482, 211 Pac. 211, this court said: "The motion for a new trial was made on the ground, among others, that the evidence was not sufficient. The order allowing it was general in form. The evidence was materially conflicting in character, and we may presume that the lower court believed it preponderated in favor of the plaintiff." It is true, as the court there declared, "on a motion for a new

trial, the court must consider where the preponderance of the evidence lay, and if, after such consideration, it concludes that it was on the side of the losing party, then it is manifestly its duty to vacate the verdict rendered''; but it is only for manifest abuse of discretion that this court can disturb the order of the trial court. It is presumed that official duty has been regularly performed (sec. 10606, Rev. Codes 1921), and unless it conclusively appears to the contrary, that an order made "was the result of the exercise of a wise discretion." (*State ex rel. Robinson* v. *Clements*, 37 Mont. 96, 127 Am. St. Rep. 701, 94 Pac. 837.) Having made a general order denying the motion, the court determined the question involved.

There is nothing before us to show that the order of the court would have been other than that made, had it not declared its views regarding the province of the jury, and, as the evidence presents a substantial conflict, the order will not be disturbed.

9. The only objections urged to the inclusion of attorney's [9]  fees are that the complaint does not ask for attorney's fees and that there was no proof of what would be a reasonable fee in this case.

Section 3089, Revised Codes of 1921, provides: That "whenever it shall become necessary for the employee to enter or maintain a suit at law for the recovery or collection of wages due, as provided for by this Act, then such judgment shall include a reasonable attorney's fee in favor of the successful party, to be taxed as part of the costs in the case.'' Section 9802 defines what costs may be taxed in an action. The above section is, in effect, an amendment to or addition to this section.

The "costs" provided for in section 9802 are not in any manner dependent upon the pleadings; on a general prayer for costs any item included in this section may be incorporated in the memorandum of costs; an award of costs. The legislature has seen fit to include a reasonable attorney's fee as a part of the costs in such an action as this. Each party to the action was chargeable with notice, at the outset, that the successful party

would be entitled to include in the judgment a reasonable attorney's fee "to be taxed as a part of the costs of the case." This being so, if it appeared on the trial that the case came within the provisions of the statute, respondent was entitled to include attorney's fees in his memorandum of costs. The determination of what was a reasonable sum would come up on motion to tax; this was done in this case, and the court reduced the amount claimed to $100.

Under a similar statute (sec. 9798, Rev. Codes 1921) this court has said: "With the determination of the amount of the fee * * * the parties have nothing to do. Consequently, their allegations in the pleadings with reference thereto do not present an issuable fact, and are but surplusage." (*Bohan* v. *Harris,* 71 Mont. 495, 230 Pac. 586.) "In fixing the fee the judge, of course, may call to his aid the practice of the court and his own knowledge of the usual compensation for such services, without availing himself of evidence based upon the views and experience of other attorneys." (*Id.;* see, also, *Bovee* v. *Helland,* 52 Mont. 151, 156 Pac. 416.) Under section 3089, therefore, it was not necessary to either plead or prove the item of costs attacked.

No substantial error appearing in the record, the judgment is affirmed.

*Affirmed.*

MR. CHIEF JUSTICE CALLAWAY, ASSOCIATE JUSTICES HOLLO-WAY and STARK and HONORABLE C. W. POMEROY, District Judge sitting in place of MR. JUSTICE GALEN, absent on account of illness, concur.